UNITED STATES v. PALAN et al.

(Circuit Court, S. D. New York. February 18, 1909.)

CRIMINAL LAW (§ 200*)—DEFENSES—CONVICTION UNDER STATE LAW AS DEFENSE TO FEDERAL PROSECUTION.

The conviction and punishment of a defendant for violation of a state law is not technically a bar to his conviction and punishment under a federal law for the same act; but, in the absence of extraordinary circumstances, where the offenses are substantially the same, such double punishment should not be inflicted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 406; Dec. Dig. § 200.*]

Henry L. Stimson, U. S. Atty.
Isadore L. Pascal, for defendants.

HOLT, District Judge. This is a motion in arrest of judgment. Defendants have been indicted and convicted of a violation of section 3 of the immigration act of 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 899 [U. S. Comp. St. Supp. 1907, p. 392]). The material portion of that section is as follows:

"That the importation into the United States of any alien woman or girl for the purpose of prostitution, or for any other immoral purpose, is hereby forbidden; and whoever shall, directly or indirectly, import, or attempt to import, into the United States, any alien woman or girl for the purpose of prostitution, or for any other immoral purpose, * * * or whoever shall keep, maintain, control, support, or harbor in any house or other place, for the purpose of prostitution, or for any other immoral purpose, any alien woman or girl, within three years after she shall have entered the United States,

shall, in every such case, be deemed guilty of a felony, and on conviction thereof be imprisoned not more than five years and pay a fine of not more than five thousand dollars."

The indictment contained four counts. The first count charged the defendants with importing into the United States a certain alien woman for the purpose of prostitution. The second count charged the defendants with keeping and harboring such woman in a certain house in the city of New York for the purpose of prostitution within three years after she entered the United States. The third count charged that the defendants imported such woman for an immoral purpose, to wit, concubinage. The fourth count charged that they kept and harbored her in said house for such immoral purpose. The jury found the defendants guilty under the second count only. The verdict, therefore, establishes that the defendants kept and harbored such woman in a certain house for the purpose of prostitution within three years after she entered the United States.

The defendants proved on the trial that they were arrested while living at such house, and while keeping there such alien woman, and were charged before the Court of Special Sessions of New York with the offense of keeping a disorderly house. The defendant Esther Palan pleaded guilty, and was sentenced to one month's imprisonment. The defendant Samuel Palan pleaded not guilty, was tried, convicted, and sentenced to six months' imprisonment. The defendants served their respective terms. The defendants' counsel, on the trial herein, moved to direct the jury to acquit on the counts for keeping and harboring, on the ground that they had already been convicted and punished for that offense in the state court. I denied the motion at the trial, stating, however, that if the jury convicted the defendants of keeping and harboring I would take the question under consideration on a motion in arrest of judgment. Such motion has now been made.

It is well settled that every citizen of the United States is a citizen of two sovereign governments, the state in which he lives and the United States, and that certain acts may constitute an offense under the laws of each government. Fox v. Ohio, 5 How. 410, 12 L. Ed. 213; U. S. v. Marigold, 9 How. 569, 13 L. Ed. 257; Moore v. People, 14 How. 13, 14 L. Ed. 306; Grafton v. U. S., 206 U. S. 333, 27 Sup. Ct. 749, 51 L. Ed. 1084. Most of the cases cited are cases in which the question has arisen upon the pleadings. I am not aware of any instance in which a person who has been convicted and has undergone the punishment imposed in a state court has been subjected to another punishment upon conviction in a federal court for the same act. But it would seem, on principle, that if the prosecution in one court is not a bar to a prosecution in the other the punishment inflicted in one court is not technically a bar to the infliction of another punishment by the other court. I think, therefore, that the fact that these defendants have served a term of imprisonment under a judgment of the state court for substantially the same offense of which they have been convicted in this court is not technically a bar to their being sentenced to further imprisonment upon a conviction in this court. But, in the absence of extraordinary circumstances, I think no such double punishment should be inflicted. To punish a man twice for the same offense

shocks the sense of justice. I shall therefore suspend sentence in this case.

I do this the more readily because it seems to me that the constitutionality of the portion of the act of Congress under which this conviction has been obtained is doubtful. I have no doubt of the power of Congress to make it a crime for any person in this country to import into it an alien woman for an immoral purpose; but the provision under which the conviction has been had in this case makes it a crime for any person to keep or harbor in any place for any immoral purpose any alien woman within three years after she shall have entered the United States. The statute makes no distinction between alien women of previous good character and those of bad character. They may have been of good character before coming to this country, so that there was no legal impediment to their entrance upon their arrival, and may have continued to be such for nearly three years thereafter. It is even immaterial whether the man knows that such a woman is an alien. By the provision of this law, if any man, a citizen of this country, forms illicit relations with an alien woman of previous good character, say two years after her entrance into this country, he is liable to be punished by imprisonment in the state prison for five years, and to be fined $5,000. Obviously, such an offense could not be punished by Congress if the woman were not an alien. It would be a matter exclusively for state legislation. The simple question therefore is: Does the fact of the alienage of a woman enable Congress to pass a law punishing a man criminally for entering into illicit relations with her. I doubt it. As the point has not been raised or argued in this case, I have formed and express no definite opinion on the subject; but, if I had not concluded, upon the grounds already stated, to suspend sentence in this case, I should have felt it my duty to give the question of the constitutionality of the provision of the act under which this conviction has been had careful consideration before sentencing the defendants.

Sentence is suspended in this case, and the defendants released from further detention.