UNITED STATES v. PORRIA et al.

(District Court, W. D. Washington, N. D.    November 14, 1918.)

No. 4138.

CRIMINAL LAW ☞200(1)—FORMER JEOPARDY—SAME OFFENSE.

Conviction in state court on indictment charging receiving and withholding stolen property is, under Comp. St. § 8604 a bar to prosecution on count charging taking in possession such property, a foreign shipment, the same having been stolen, the same character and degree of proof being necessary, but not so as to count charging larceny of the property while moving in interstate commerce.

John Porria and others were indicted for larceny of property moving in interstate commerce, and for taking in possession, the same having been stolen. The named defendant pleaded former conviction. Sustained as to count 2; denied as to count 1.

Robert C. Saunders, U. S. Dist. Atty., and Ben L. Moore, Asst. U. S. Dist. Atty., both of Seattle, Wash., for the United States.

John F. Dore, of Seattle, Wash., for defendant Porria.

NETERER, District Judge. The defendant is charged in count 1 with larceny of 21 bars of copper wire, of the value of $1,139.25,

while moving in interstate commerce. In count 2 he is charged with taking in his possession 21 bars of copper wire, a foreign shipment, the same having been stolen. The defendant pleaded in bar to each count a judgment of conviction in the Washington state court, and in support filed a certified copy of the judgment roll. The state court indictment charged the defendant with receiving and aiding in concealing and withholding stolen property, 21 bars of copper wire, of the value of $1,000.

The District Attorney challenges the sufficiency of the plea. The single question is whether the defendant has been twice in jeopardy for the same offense. Section 8604, U. S. Comp. Stat. 1916 (U. S. Comp. Stat. 1918), provides that—

"A judgment of conviction or acquittal on the merits under the laws of any state shall be a bar to any prosecution. * * *"

As stated, count 1 charges larceny of property moving in interstate commerce, and count 2 with receiving property stolen while moving in interstate commerce. The conviction in the state court was upon the charge of—"did * * * receive and aid in concealing and withholding * * *" the same property.

The protection intended is against second jeopardy for the same offense. Do the charges in the indictment require different or additional proof to that required in the state court? Is this charge the same in law and in fact? Consideration of the indictment and consideration of the charge and judgment of conviction in the state court bring the inevitable conclusion that the same character and degree of proof will be necessary to sustain count 2 of the indictment as was necessary to sustain the conviction in the state court. The same may not be said as to count 1, where a felonious taking, stealing, and carrying away must be established. Every issue here presented was determined by the Supreme Court in Gavieres v. United States, 220 U. S. 338, 31 Sup. Ct. 421, 55 L. Ed. 489.

The plea in bar is sustained as to count 2, and denied as to count 1.