## UNITED STATES v. HOLT et al.

(District Court, D. North Dakota, W. D. January 8, 1921.)

No. 3676.

1. **Intoxicating liquors ⬩⟹13—"Concurrent" power under Eighteenth Amendment of state and government permits each to prosecute same acts.**

    The concurrent power given by Const. Amend. 18, § 2, to the states to enforce that amendment is similar to the power exercised by them in numerous cases, where acts already made offenses under the state law were made offenses under the United States law, with a provision that the latter law should not affect the jurisdiction of the states, and authorizes each to punish the same act as an offense against its sovereignty.

    [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Concurrent.]

2. **Criminal law ⬩⟹201—Conviction under state Prohibition Act does not prohibit federal prosecution for same acts.**

    A conviction for transporting and possessing intoxicating liquor in violation of a state law enacted before the adoption of Const. Amend. 18, does not prevent a prosecution by the United States for violation of that amendment and the National Prohibition Act by the same acts on which the state prosecution was based.

3. **Criminal law ⬩⟹201, 1211—Previous conviction in state court does not authorize refusal of leave to file information, but will be considered in assessing punishment.**

    In view of the fact that the National Prohibition Act imposes more severe penalties for a second offense, the conviction and punishment of defendant in the state court for a violation of the state statute does not authorize the refusal of leave to file an information charging those acts as violations of the federal law, but the United States courts in passing sentence will take into consideration the punishment previously involved in the state courts, to the end that the citizen may not be twice subjected to the full measure of punishment for the same acts.

Martin Holt was charged by information with importing, transporting, and having intoxicating liquor in his possession. On special plea alleging a previous conviction in the state court for the same acts. Plea held invalid.

Melvin A. Hildreth, U. S. Atty., and S. L. Nuchols, Asst. U. S. Atty., both of Fargo, N. D.

Bosard & Twiford, of Minot, N. D., for defendants.

WOODROUGH, District Judge. This cause squarely raises the question whether the previous conviction of defendant in the state court for importing, transporting, and having intoxicating liquor in his possession can be availed of to prevent his prosecution in this court for violating the Volstead Act (41 Stat. 305) by importing, transporting, and having intoxicating liquor in his possession. The defendant had leave of court to plead specially, and on the trial of the special issue by the court it was proven that the acts for which he was arrested, informed against, to which he pleaded guilty, and for which he was convicted and sentenced to fine and imprisonment by the state court of general juris-

diction, are identically the same acts for which he is now informed against by Col. M. A. Hildreth, United States District Attorney for North Dakota.

The defendant claims to be within the protection of the Fifth Amendment to the Federal Constitution:

"Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

The prohibition law of North Dakota, under which defendant was convicted and sentenced, has been in force and effect for many years prior to the Eighteenth Amendment and the Volstead Act, but it is contended that by reason of the second section of the Eighteenth Amendment the state law becomes now in substance an exercise by the state of the concurrent power conferred upon the Congress and the several states to enforce prohibition by appropriate legislation.

It is said that, the power of the Congress and of the state Legislature to punish defendant's acts in question being thus made concurrent, the present offense charged is the same offense as the one for which he has been convicted within the meaning of the Fifth Amendment.

The question is important and has been given careful consideration. Repeated jeopardy for the same offense is persecution, repugnant to the Constitution, the principles of the common law, and the "genius of our free government"; and as to the enforcement of prohibition every sound reason against that kind of intolerable persecution has intensified force. The hot vindictiveness of private victims, who suffer from ordinary crimes of violence and covin, is almost entirely replaced in these cases by the cool, persistent determination of officers, who must themselves search out offenses as well as the offenders, and to the obligation of their duty as officers there is no limit, save the extent of the law.

[1] I have proceeded, therefore, to the inquiry with the actual operation of the Volstead Act, as it has been developed before the trial court, very clearly in mind. The decision of the seven liquor cases by the Supreme Court on June 7, 1920 (253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946), settled many disturbing questions concerning the Eighteenth Amendment, the Volstead Act, and related state legislation. But a decision of the particular question now before this court was not necessary to a determination of the cases, and the specific question was not answered.

No opinion was published by the majority of the court, but it was clearly established by the conclusions announced that the concurrent power which is conferred on the Congress and the several states to enforce prohibition is not concurrent in the sense elaborated and contended for by Justices McKenna and Clarke in their dissenting opinions. They insisted upon an interpretation of "concurrent power" which would have denied the supremacy of the Volstead Act over conflicting state laws, and which would have prevented the enforcement of the act by federal authority in any state whose Legislature had not approved of or adopted it. All such interpretations are incompatible with, and are clearly excluded by, the court's conclusions and disposition of the cases before it.

An interpretation according with the court's conclusions is that the word "concurrent" was used in the second section of the Eighteenth Amendment in the same or similar sense in which it has been used by the Supreme Court as illustrated in Sexton v. California, 189 U. S. 324, 23 Sup. Ct. 543, 47 L. Ed. 833. In that case there was a conviction in the state court for the crime of extorting money by threatening to falsely accuse a person of an act that was made criminal only by federal law. It was urged in the federal Supreme Court that the particular acts of the offender were denounced by a federal law against extortion and therefore cognizable only in the federal courts, to the exclusion of the state courts. Sec. 711, U. S. Rev. Stat. (Comp. St. § 1233). In the federal statute against extortion, referred to, there was a provision that nothing in the title contained shall be held to take away or impair the jurisdiction of the several states under the laws thereof. The Supreme Court denied the claim of a federal jurisdiction such as to exclude the jurisdiction of the state court over the acts in question, and expressed itself in this language:

"The jurisdiction of the state court over the crime of extortion, when perpetrated under the circumstances stated in the indictment, is at least concurrent with that of the courts of the United States."

The conviction by the state court was sustained as a proper exercise of the sovereign powers of the state; but the power of the federal government to proceed to punishment for the offence against its sovereignty was entirely unaffected. Because both courts may act against the same person for the same acts, the court used the words concurrent jurisdiction, without introducing any confusion whatever into the thought of those who are familiar with such coexisting powers of state and national governments.

Again, the same word "concurrent" is used in the same sense by Mr. Justice Johnson in Houston v. Moore, 5 Wheat. 33, 5 L. Ed. 19:

"Why may not the same offense be made punishable both under the laws of the states and of the United States? Every citizen of a state owes a double allegiance. He enjoys the protection and participates in the government of both the state and the United States. * * * The actual exercise of this *concurrent* right of punishing is familiar to every day's practice. The laws of the United States have made many offenses punishable in their courts, which were and still continue punishable under the laws of the states. Witness the case of counterfeiting the current coin of the United States, under the Act of April 21, 1806, in which the state right of punishing is expressly recognized and preserved. Witness also the crime of robbing the mail on the highway, which is unquestionably cognizable as highway robbery under the state laws, although made punishable under those of the United States."

It was not necessary for the Supreme Court in the liquor cases to exactly define the "concurrent power" of the Eighteenth Amendment. Nor is it in this case. It is sufficient and obvious, in view of the conclusions reached by the court, that any interpretation is excluded which would deny to either the nation or the state the power to punish such acts as are charged against defendant here. As applied to this case, the words in the second section of the amendment are not to be extended beyond the effect given to such provisions as the one quoted above, which are to be found in several of the acts of Congress.

270 F.—41

"Nothing in the act contained shall be held to take away or impair the jurisdiction of the several states under the laws thereof."

[2] When the "concurrent power" is thus restricted to its real purposes and significance, it follows that the conviction of defendant in the state court cannot prevent his prosecution in this court; this upon principles long settled and established, and authoritative precedents long acquiesced in. The last expression of the Supreme Court is found in Gilbert v. Minnesota, 254 U. S. 325, 41 Sup. Ct. 125, 65 L. Ed. ——, decided December 13, 1920:

" 'The same act * * * may be an offense or transgression of both' [the duty of a citizen to the state and the nation] and both may punish it without a conflict of their sovereignties."

Numerous cases are cited, beginning with Moore v. Illinois, 14 How. 13, 14 L. Ed. 306, and terminating with Halter v. Nebraska, 205 U. S. 34, 27 Sup. Ct. 419, 51 L. Ed. 696, 10 Ann. Cas. 525. A study of the cases can leave no doubt of the soundness and wisdom of the settled law that, where both sovereignties may punish, a conviction by one is not a bar to punishment by the other. Though the acts punished are identical, the offense is not the same.

[3] It is further to be considered whether the defendant ought in justice to be further prosecuted, and whether permission should have been granted by the court to file the information herein. I am impressed with the language of the Supreme Court in Fox v. Ohio, 5 How. 435, 12 L. Ed. 213:

"It is almost certain that, in the benignant spirit in which the institutions both of the state and federal systems are administered, an offender who should have suffered the penalties denounced by the one would not be subjected a second time to punishment by the other for acts essentially the same, unless indeed this might occur in instances of peculiar enormity, or where the public safety demanded extraordinary rigor."

Also the expressions of Mr. Justice McLean in Moore v. Illinois, 14 How. 21, 14 L. Ed. 306:

"It is contrary to the nature and genius of our government to punish an individual twice for the same offense. * * * It is believed that no government, regulated by laws, punishes twice criminally the same act, and I deeply regret that our government should be an exception to a great principle of action, sanctioned by humanity and justice."

The Supreme Court used the expressions above quoted in a case where the harboring of fugitive slaves in free states was under consideration, speaking upon a subject which then aroused bitter feelings and passions. The spirit reflected by the court prevailed, and has endured through the history of the nation. No matter what the difficulties, the enforcement of prohibition must be carried out in the same spirit. This is clear, but does not determine that leave to file information in this case should be denied by the court.

Incidental to the power of each sovereignty to punish for offenses against it is the power to pardon or to mitigate the punishment. In this case both fine and imprisonment were imposed, but the imprisonment permanently suspended. In other cases, especially in municipalities where the conviction is under ordinances, full pardons are frequent-

ly granted. Again, by the terms of the Volstead Act offenses subsequent to the first conviction are to be more severely dealt with. The judge, therefore, could not justify a refusal of permission to file the information upon the ground of previous proceedings had under another jurisdiction.

In the case at bar I have seen the young man charged, and have heard the circumstances of his arrest. If he shall be advised to plead guilty to the charge, the circumstance of his previous punishment will be given consideration, a record made of his first conviction, to protect the government in case of a repetition of such acts, and a nominal penalty will be imposed.