## MARTIN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1921. Rehearing Denied May 12, 1921.)

No. 5647.

1. **Criminal law ⬅201—Acquittal of offense against state does not bar prosecution by federal government.**

   An acquittal of defendant in the state court on the charge of transporting intoxicating liquor into a county, to be kept stored and sold to other persons therein, is not a bar to his trial and conviction in the federal court for transporting the same liquor in interstate commerce, since the two offenses were different and committed against different sovereignties.

2. **Criminal law ⬅382—Acquittal in state court not competent evidence for defendant in federal prosecution.**

   In a prosecution in the United States court for unlawfully transporting intoxicating liquor in interstate commerce, a judgment of the state court, acquitting defendant of transporting the liquor into a county to

be illegally kept, stored, or sold, which was rendered upon a general verdict without any special finding of facts, is not admissible as evidence of defendant's innocence, since defendant could have been innocent of the offense against the state law, and yet have been guilty of the offense against the federal statute.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Clifford K. Martin was convicted of transporting intoxicating liquor in interstate commerce, and he brings error. Affirmed.

J. E. Willits, of Hastings, Neb., for plaintiff in error.

T. S. Allen, U. S. Atty., of Lincoln, Neb. (F. A. Peterson, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. Plaintiff in error, hereafter defendant, was indicted, convicted, and sentenced for causing to be transported on June 29, 1919, in interstate commerce from St. Joseph, Mo., to and into the Hastings division of the district of Nebraska, certain spirituous and intoxicating liquors, not for medicinal, sacramental, mechanical, or scientific purposes, and not by virtue of a prescription of a licensed or practicing physician as provided by the laws of the state of Nebraska. The only point properly raised and argued by counsel for defendant to obtain a reversal of the judgment below is in regard to the refusal of the trial court to admit in evidence the record of a proceeding before a justice of the peace of Adams county, Neb., in the case of State of Nebraska v. Clifford K. Martin.

The record offered showed that on October 22, 1919, before C. N. Nash, justice of the peace, defendant was tried and acquitted upon a complaint, the first count of which charged the defendant with having on or about the 29th day of June, 1919, then and there being in said county did then and there unlawfully and knowingly transport and cause to be transported, carry and cause to be carried intoxicating liquors, to wit, whisky, for said defendant to be by him the said defendant, kept, stored, sold, and furnished to other persons in Adams county, Neb.

[1] Counsel for defendant does not claim that the judgment of acquittal in the state court would be a bar to defendant's trial and conviction in the federal court, but that the judgment was admissible upon the question of transportation to be considered with all the other evidence in the case. Of course the defendant could not claim the judgment of acquittal in the state court to be a bar to his trial and conviction in the federal court, for the reason that the two offenses were different, and committed against different sovereignties. The defendant could be convicted of one offense and acquitted of the other.

[2] We are of the opinion that the admission by counsel that he does not claim that the judgment of the state court was a bar ends all discussion. The judgment was a general judgment upon a general verdict, without any special finding of facts. The defendant might very

well be guilty of transporting intoxicating liquors from St. Joseph into the Hastings division, and not be guilty of the crime charged against him in the state court. In the state court the transportation of intoxicating liquors had to be for a certain purpose. In the federal court the transportation must not have been for an entirely different purpose. The jury in the state court might have found the purpose lacking.

The ruling of the trial court was right, and the judgment should be affirmed. It is so ordered.