## UNITED STATES v. REGAN.

(District Court, D. New Hampshire. June 3, 1921.)

### No. 1941.

Criminal law ⟲⟳201—Conviction under state prohibition law not bar to prosecution under National Act.

    A conviction in a state court for transporting liquor within the state in violation of a state statute *held* not a bar to a prosecution, based in the same transaction, for transporting liquor without obtaining a permit from the Commissioner of Internal Revenue, as required by National Prohibition Act, tit. 2, § 6, as placing defendant twice in jeopardy.

Criminal prosecution by the United States against Joseph Regan. On plea in abatement. Overruled.

Fred H. Brown, U. S. Atty., of Somersworth, N. H.
Michael O'Brien, of Lawrence, Mass., for defendant.

ALDRICH, District Judge. The respondent in this case pleaded guilty in the state court, and was fined, for unlawfully and criminally transporting a large quantity of spirituous liquor within the limits of New Hampshire. The proceeding and the punishment there was under a distinctly prohibition state law, which existed before the Eighteenth

Amendment, and before the Volstead Act (41 Stat. 305). The case here is against the same man, and is based upon an indictment for unlawfully transporting spirituous liquor from Colebrook, in the district of New Hampshire, to another point in New Hampshire, without having received a permit from the Commissioner of Internal Revenue so to do. The defendant pleads the New Hampshire proceeding in bar.

The allegation in the federal indictment that the transportation was without permission from the Commissioner of Internal Revenue is a substantive one, and therefore would seem to be one which sets forth a different offense, though admittedly it relates to the act which was the foundation for the state prosecution.

Now, without going into the allegations categorically, I assume that the two prosecutions are based upon the same transportation.

Mr. Michael O'Brien, counsel for the defendant, takes the position that the defendant is being punished twice for the same act. He bases his position on the Fifth Amendment to the federal Constitution, in respect to life and limb, which declares against any person being twice put in jeopardy. He gives a very valuable history of cases under this provision, but it must be said that they largely relate to conditions before the Eighteenth Amendment.

The question is an important one, and it is one which will probably have to be ultimately settled by the Supreme Court, because it is a constitutional one, and because there are already two District Court decisions at variance as to the point in question.

Because of this I am not going to attempt an elaborate discussion of the "twice in jeopardy" question. It may be remarked, however, that the case here is not one of life and limb, but rather one involving a misdemeanor, and one which may be influenced, perhaps, by the "concurrent power" provision of the Eighteenth Amendment.

For the purposes of a decision in this case, I am inclined to take the view expressed by Judge Woodrough in United States v. Holt (D. C.) 270 Fed. 639. It may be well enough to supplement Judge Woodrough's reasoning, however, by the idea that a distinctive state prohibitory law and the National Prohibition Act are different laws in substantial respects.

The national law is not only a prohibitory law, but it has revenue features. It is not necessary, however, to analyze and point out the revenue characteristics of the federal law. It is sufficient to say that they are features that enter into it, and its administration is largely under the direction of the Commissioner of Internal Revenue.

Moreover, the Cruikshank Case, 92 U. S. 542, 23 L. Ed. 588, bears upon the question of double prosecution.

The federal decisions do not seem to be put distinctively upon the ground that the federal government may punish a second time, because it is a paramount government, but because the laws of the two jurisdictions are different in given cases.

As is illustrated in the Cruikshank Case, 92 U. S. at page 550, 23 L. Ed. 591, there may be a prosecution in the state court for passing spurious coin because it is a fraud upon him to whom it is passed, and

there may be a prosecution in the federal court because it discredits a medium of exchange which the federal government puts out for public uses. In that case it is said:

"That this does not, however, necessarily imply that the two governments possess powers in common, or that it brings them into conflict with each other."

And in the late case of Gilbert v. Minnesota, 254 U. S. 325, 41 Sup. Ct. 125, 65 L. Ed. ——, it is said, in referring to State v. Holm, 139 Minn. 267, 166 N. W. 181, L. R. A. 1918C, 304:

"Where, after full discussion, the contention was rejected that the Espionage Law * * * abrogated or superseded the statute, the court declaring that the fact that the citizens of the state are also citizens of the United States and owe a duty to the nation, does not absolve them from duty to the state nor preclude a state from enforcing such duty. 'The same act,' it was said, 'may be an offense or transgression of the laws of both' nation and state, and both may punish it without a conflict of their sovereignties."

It was decided some years ago by the Court of Appeals in this circuit (Columb v. Webster Mfg. Co., 84 Fed. 592, 28 C. C. A. 225, 43 L. R. A. 195) that a judgment on the merits in the state court for personal injury on the ground of negligence is a bar to a second action in the federal court by the same plaintiff against the same defendant for the same injury. It is true that in that case the party plaintiff was the same, while in this case the prosecuting parties are different, because they are different governments with different sovereignties, having laws of different characteristics in respect to the same general subjects. The ground of that decision was that the merits were res judicata. That decision doubtless expresses the general rule as to such situations.

I do not decide this question against the defendant without some misgivings, because double punishment is obnoxious to the ordinary conception of right. But under the impulse of the modern philosophy in respect to the Eighteenth Amendment, and the concurrent jurisdiction of the two governments, I am inclined to think that the proper thing for me to do is to overrule the plea in bar and require the defendant to plead further.

And it is so ordered.