## UNITED STATES v. BOSTOW et al.

(District Court, S. D. Alabama. June 14, 1921.)

No. 4891.

1. **Criminal law ⟶100 (3)—Pending prosecution in state court for liquor law violation does not affect federal court's jurisdiction of prosecution for National Prohibition Act violation.**

   That accused has been indicted in the state court under a state statute for the same transaction for which he is indicted in the federal court under the National Prohibition Act does not prevent the federal court from proceeding to try accused under the indictment in that court.

2. **Criminal law ⟶201—Prior conviction or acquittal in state court for liquor law violation no bar to prosecution in federal court under National Prohibition Act; "offense;" "same offense."**

   A prior conviction or acquittal in the state court for violation of the state prohibition act constitutes no bar to a prosecution in the federal court under an indictment found in that court under the National Prohibition Act for the same transaction on which the prosecution or prosecutions were had in the state court; for in Const. U. S. Amend. 5, forbidding twice putting in jeopardy for the "same offense," the quoted words do not mean the same act or transaction, as the "offense" is not the act or transaction alone, but the act or transaction considered in the light of the legislative provisions and prohibitions.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Offense; Same Offense.]

---

Nat Bostow and two others were separately indicted for violation of the National Prohibition Act. On demurrers to pleas in bar. Sustained.

Alex. D. Pitts, U. S. Atty., of Selma, Ala., and J. O. Middleton, Asst. U. S. Atty., of Mobile, Ala.

F. S. Stone, of Bay Minette, Ala., and Robert H. & R. M. Smith and Webb, McAlpine & Grove, all of Mobile, Ala., for defendant.

ERVIN, District Judge. These cases directly present the issue as to whether a prior conviction or acquittal in the state court of Alabama for violation of the state prohibition act constitutes a bar to the prosecution in this court under an indictment here found for the same transaction on which the prosecutions were had in the state court.

[1] There was one case, however, Nat Bostow, which presented a somewhat different proposition, and in which it was contended that, because the defendant had been indicted in the circuit court of Mobile county by the state court under a state statute for the same transaction for which he is indicted in this court under the National Prohibition Act (Act Oct. 28, 1919, c. 85, 40 Stat. 305), this court cannot now proceed to try the defendant under the indictment here found. It is urged upon me that, where a state court has entered upon the prosecution of a criminal case or a civil case, whichever court first acquires jurisdiction will be permitted to proceed to the final hearing without being interfered with by another. Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399, and Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257, are cited to this proposition.

In the Harkrader Case the proceedings in the state court, where Wadley had been indicted, was sought to be enjoined, because there was already pending on the equity side of the federal court a proceeding to hold Wadley liable to indemnify the plaintiffs by reason of losses occasioned by his misconduct as an officer of the bank. It was then objected that, because the testimony given by Wadley in the federal case was used as a basis for his prosecution in the state court, he could not be there prosecuted. The Supreme Court (172 U. S. on page 167, 19 Sup. Ct. 127 [43 L. Ed. 399]), in discussing this question, says:

"The fallacy in the argument of the appellee in the present case is in the assumption that the *same right* was involved in the criminal case in the state court and in the equity case pending in the federal court. But it is obvious that the civil liability of Wadley to indemnify the plaintiffs in the equity suits, by reason of losses occasioned by his misconduct as an officer of the bank, is another and very different question from his criminal liability to the commonwealth of Virginia for embezzlement of funds of the bank."

On the following page (172 U. S. 168, 19 Sup. Ct. 127 [43 L. Ed. 399]) it says:

"Embezzlement by an officer of a bank organized under a state statute is not an offense which can be inquired into or punished by a federal court. Such an offense is against the authority and laws of the state. The judicial power granted to their courts by the Constitution of the United States does not cover such a case. The Circuit Court of the United States for the Western district of Virginia could not, in the first instance, have taken jurisdiction of the offense charged in the indictment; nor can it, by a bill in equity, withdraw the case from the state court, or suspend or stay its proceedings."

It is manifest in this case that the indictment in the state court which is pleaded here is based upon an offense of violating a state statute, and this court would have no power to try the defendant so charged in that indictment. It is also manifest that the indictment in this court, being based upon the National Prohibition Act, charges no offense on which this defendant could be prosecuted and convicted in the state court, because no offense against the state laws is charged in the federal indictment, and no offense against the federal laws is charged in the state indictment.

This being true, it seems manifest to me that, as the Supreme Court said in the Harkrader Case, the *same right* is not involved in the two prosecutions, the one in the state court, and the other in the federal court. Where the same right is not involved, the fact that the case is pending in the state court is no reason why the federal court should not proceed with the indictment regularly found in this court. No case has been called to my attention in which it has been held that the fact of a prosecution in a state court under a state statute was any reason why the same party should not be prosecuted in the federal court under a federal statute, and it is manifest that the distinction drawn by the court in the Harkrader Case is applicable to the case here.

In the case of Buck v. Colbath, 3 Wall. (70 U. S.) 345, 18 L. Ed. 257, the Supreme Court, commenting upon the proposition that the court first obtaining jurisdiction of the case has a right to decide every issue arising in the trial of the case, calls attention to some of the limitations of that rule, saying:

"It is scarcely necessary to observe that the rule thus announced is one which has often been held by this and other courts, and which is essential to the correct administration of justice in all countries where there is more than one court having jurisdiction of the same matters. At the same time, it is to be remarked that it is confined in this operation to the parties before the court, or who may, if they wish to do so, come before the court, and have a hearing on the issue so to be decided."

Now, if it is true that a state court, having first indicted a party for a transaction which is a violation of its prohibition statute, acquires exclusive jurisdiction of this offense, and that the same party cannot be subsequently indicted and prosecuted for the same transaction, which also violated the federal prohibition statute, then it must also be true that the federal government should have a right to be heard in the prosecution in the state case, and that the state should be heard in the federal court on the prosecution of the defendant there. The Supreme Court says, in discussing this proposition:

"At the same time it is to be remarked that it is confined in its operation to the parties before the court, or who may, if they wish to do so, come before the court and have a hearing on the issue so to be decided."

It is manifest that the federal government cannot appear in the prosecution before the state court, for it has no standing there, no federal statute being involved, and it is also manifest that the state has no right to appear in the federal court, because no state statute is involved. To hold otherwise must necessarily be to hold that, if one was prosecuted and convicted in the federal court for a transaction which vio-

lated the federal statute, and the same transaction also violated the state statute, the federal government, having prosecuted and convicted the defendant, should have the right to say that he should not be further prosecuted and put in jeopardy in any other court, and it should have and exercise the power to enjoin the state court from the prosecution of this man who has already been punished for the same act which was a violation of the federal statute. To state the proposition is to answer it. The whole question grows out of an incorrect analysis of the question.

[2] Coming, now, to consider the question of the former conviction or acquittal in the state courts, I know of no decision by any authoritative tribunal. There are two cases submitted to me—the one, U. S. v. Peterson et al. (D. C.) 268 Fed. 864, where it is held that the proceedings in a state court are a complete bar to subsequent prosecutions in the federal court for the same transaction. U. S. v. Holt (D. C.) 270 Fed. 639, is a case where the same question was presented, and the contrary conclusion reached by Judge Woodrough, in an opinion in which I fully concur, not only in the legal proposition decided, but in the practice to be followed, where it is shown that the accused has already been punished in the state courts.

In addition to the views so well expressed by Judge Woodrough, and what has been said heretofore in this opinion, it occurs to me that something further might be said as to the meaning of the Fifth Amendment of the Constitution of the United States:

"Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

What meaning shall be given the words "the same offense"? How shall they be construed? If the Congress can pass legislation to enforce the Prohibition Amendment, and the states may also do so, it is manifest that such legislative acts will differ—that different laws will be provided for the enforcement of the amendment, and different punishments will be imposed. It is also manifest that often the same act or transaction will violate both the federal and state provisions, so the question arises: Where the same act violates both statutes, has there been only one or more offenses committed? It will be conceded that the offender cannot be tried in the federal court for violation of the state statute, nor in the state court for the violation of the federal statute; so it appears that the offense is not the act or transaction alone, but that the act or transaction must be considered in the light of the legislative provisions and prohibitions.

In the absence of such legislative prohibitions, the act or transaction committed would not be an offense. It is not the prohibited act, but the terms of the statute, which declares and defines the offense. It seems to me, therefore, that as each legislative entity, whether state or federal, declares its own offense, this cannot be the same offense as that provided by the other, though the same act or transaction may violate each of them, but that there are as many offenses as the legislative provisions may declare.

The demurrers to the pleas will be sustained.