### UNITED STATES v. RATAGCZAK.

(District Court, N. D. Ohio, E. D.   September 15, 1921.)

No. 6756.

1. **Criminal law ⊙⇒167, 168—Former acquittal or conviction, to constitute bar, may be upon warrant and without jury, but court must have jurisdiction.**

If a former conviction or acquittal was by a tribunal having jurisdiction of the offense, defendant cannot again be prosecuted for the same offense though the trial may have been on a warrant and without a jury; but it must appear that such tribunal had jurisdiction of the offense charged in the later indictment or information.

2. **Criminal law ⊙⇒201—Conviction under state statute not bar to prosecution under federal statute for same act.**

Acquittal of a defendant by a state municipal court under a state statute on a charge of having unlawfully in his possession a quantity of whisky held not a bar to a prosecution in a federal court for the same act under the National Prohibition Act, on the grounds (1) that the state court was without jurisdiction of an offense against the federal statute, and (2) that the acts charged constituted separate offenses under the state and federal statutes, respectively, though their provisions violated were the same.

On Information. Criminal prosecution by the United States against Steve Ratagczak. On demurrer to plea in bar. Demurrer sustained.

B. W. Henderson, Asst. U. S. Atty., of Cleveland, Ohio.

N. C. Beckerman, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Defendant is by information charged under the National Prohibition Act (41 Stat. 305) with the offense of having on or about the 11th day of May, 1921, had unlawfully in his possession 92 quarts of Gibson whisky. To this information the defendant has filed a special plea of former acquittal, to which the plaintiff has demurred generally. The allegations as to the identity of the defendant and of the transactions are sufficient to make a good plea in bar, but the former judgment of acquittal thus pleaded, it is alleged, was rendered by the criminal branch of the municipal court of Cleveland, state of Ohio.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The fact that the former trial and acquittal in the municipal court was not upon an indictment and by a jury is not material. The law is settled that, if the former conviction or acquittal is by a tribunal having jurisdiction of the offense, the defendant cannot be again prosecuted for the same offense, notwithstanding the trial may have been upon warrant and without a jury. See Kepner v. United States, 195 U. S. 100, 24 Sup. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655.

The former conviction or acquittal, however, must appear to have been by a court having jurisdiction of the offense charged in the later indictment or information. The exact question then involved here would seem to be whether the criminal branch of the municipal court had jurisdiction to try the defendant for an offense against the laws of the United States, particularly a violation of the National Prohibition Act. The question as thus stated would seem to answer itself. It is plain that the defendant could not have been tried upon warrant or otherwise in that court for a violation of the National Prohibition Act.

[2] The argument made in support of defendant's plea, briefly stated, seems to be this: The Eighteenth Amendment to the Constitution of the United States, by section 1, prohibits the manufacture, sale, transportation, exportation or importation of intoxicating liquors for beverage purposes in any state or territory subject to the jurisdiction of the United States; but section 2 further provides:

"That Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

Congress has passed the National Prohibition Act for this purpose. The state of Ohio has passed for the same purpose what is known as the Crabbe Act taking effect November 2, 1921. This last act, it is also urged, was passed by virtue of the concurrent power conferred on the several states by section 1 of the Eighteenth Amendment. Both acts make it an offense to have in one's possession intoxicating liquors, except under certain restrictions, and the Ohio act embodies in it the same restrictions as the National Prohibition Act, thus making it an offense to have intoxicating liquor in one's possession in the same situation under either act.

The conclusion deduced from these statements is that, when one is tried in a state court for a violation of the state law, he has in legal effect been tried for an offense created under authority of the United States and in a tribunal deriving its jurisdiction over the offense and its authority to try the offender from the United States itself. Obviously no contention of this kind could be made, except for the concurrent power conferred on the several states by section 2 of the Eighteenth Amendment to enforce the first section of that amendment by appropriate legislation. The same act, it has long been held, may violate both a state law and a federal law, and a transgressor may be tried and punished in courts of both jurisdictions as for two separate offenses, and a plea of former acquittal or conviction is unavailing. See Fox v. Ohio, 5 How. 410–435, 12 L. Ed. 213; U. S. v. Marigold, 9 How. 560, 13 L. Ed. 257; Moore v. State of Illinois, 14 How. 13, 19, 20, 14 L. Ed. 306;

Grafton v. U. S., 206 U. S. 333, 353, 27 Sup. Ct. 749, 51 L. Ed. 1084, 11 Ann. Cas. 640.  In the Moore Case Justice Grier said:

"Every citizen of the United States is also a citizen of a state or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either.  The same act may be an offense or transgression of the laws of both.  Thus, an assault upon the marshal of the United States, and hindering him in the execution of legal process, is a high offense against the United States, for which the perpetrator is liable to punishment; and the same act may be also a gross breach of the peace of the state, a riot, assault, or a murder, and subject the same person to a punishment, under the state laws, for a misdemeanor or felony.  That either or both may (if they see fit) punish such an offender cannot be doubted.  Yet it cannot be truly averred that the offender has been twice punished for the same offense, but only that by one act he has committed two offenses, for each of which he is justly punishable.  He could not plead the punishment by one in bar to a conviction by the other; consequently this court has decided, in the case of Fox v. State of Ohio, 5 How. 432, that a state may punish the offense of uttering or passing false coin, as a cheat or fraud practiced on its citizens, and, in the case of the United States v. Marigold, 9 How. 560, that Congress, in the proper exercise of its authority, may punish the same act as an offense against the United States."

Upon reflection I am of opinion that this doctrine of independent sovereignties and separate offenses is applicable to violations by the same act of both the state and the national prohibition acts.  In the first place, the Crabbe Act was not passed to enforce the Eighteenth Amendment.  In section 1 it says:

"This act shall be deemed to be an exercise of power granted in article 15, section 9, of the Constitution of Ohio and the police power of the state."

The section 9 referred to is an amendment to the Ohio Constitution adopted November 5, 1918, prohibiting the sale and manufacture of intoxicating liquors as a beverage.  In the second place, the United States Supreme Court, in the National Prohibition Cases, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946, has given a meaning and construction to the words "concurrent power," as used in the Eighteenth Amendment, which preserves the independent and separate sovereign power of the United States and of the several states in the matter of enforcing even the Eighteenth Amendment itself.  This is the only logical conclusion from the eighth and ninth propositions declared in that opinion.

Concurrent power, it is held, does not mean joint power, or require that legislation thereunder by Congress, in order to be effective shall be approved or sanctioned by the several states or any of them, nor that the power to enforce is divided between Congress and the several states, along the lines which separate or distinguish foreign and interstate commerce from intrastate affairs.  It is further held that the power of Congress is in no wise dependent on or affected by action or inaction on the part of the several states or any of them.  In the sixth proposition it is further held that the first section of the Eighteenth Amendment of its own force invalidates every legislative act, whether by Congress or by a state Legislature or a territorial assembly, which authorizes or sanctions what that section prohibits.  It follows that, except as prohibited by that section, states retain and may also exer-

cise power expressly conferred by their several Constitutions or derived from their police powers to pass and enforce laws of their own prohibiting the manufacture and sale of intoxicating liquors.

The separate and independent powers of the United States and of the several states being thus preserved, the conclusion is inevitable that both are clothed with full power to legislate on the subject, and to try and punish violations of their separate acts according to the rules previously declared and established in the cases above cited. If the views expressed by Justices McKenna and Clarke in their respective dissenting opinions were adopted, defendant's present contention might not be without substantial support, if, indeed, a situation could ever arise whereby different laws could be made and separate prosecutions could be instituted. The argument of these dissenting opinions adds emphasis to the inferences which I have deduced from the court's opinion. My conclusion accords with that of other District Judges in the following cases: United States v. Holt, 270 Fed. 639 (Woodrough, D. J.); United States v. Bostow, 273 Fed. 535 (Ervin, D. J.); United States v. Regan, 273 Fed. 727 (Aldrich, D. J.). In United States v. Peterson (D. C.) 268 Fed. 864, Neterer, D. J., held the contrary: but the weight of reasoning, as well as numbers, is against his holding. In these several cases it is true, the state law under which the former conviction or acquittal had been had was enacted prior to the adoption of the Eighteenth Amendment; but on principle no distinction can be based on this fact, particularly as the Ohio act was passed by virtue of the power conferred by an amendment to the state Constitution and under its general police powers.

As a result of this process of reasoning, two conclusions follow: (1) That the defendant was not tried and acquitted in a court having jurisdiction of the offense with which he is now charged; (2) that the offense with which he is now charged is a separate and independent offense, one against a law of the United States, and triable only in its courts. The demurrer to the plea in bar will be sustained. It is to be regretted that any person may be put in jeopardy or punished twice as the result of the same acts. This, however, is incident to the fact that every one owes allegiance or obedience at the same time to two separate sovereignties, each independent within its separate sphere. The resulting hardship has frequently been noted in cases arising prior to the adoption of the Eighteenth Amendment. Officials charged with the duty of enforcing the law ought not, and it is assumed will not, prosecute under both laws, unless the interests of justice so require. Judges called on to pass sentence should, and it is assumed will, give full weight to any former punishment imposed on a conviction in another jurisdiction, so that a person cannot be said to suffer double punishment for the same offense. These considerations, however, appeal only to official discretion, and do not go to the question of judicial power.