*R. L. & H. C. Cox,* contra.

---

COOLEY *v.* THE STATE.

1. The eighteenth amendment to the constitution of the United States, and the national prohibition act, known as the Volstead act, do not supersede or abrogate the Georgia prohibition statute of March 28, 1917 (Act Ex. Sess. 1917, p. 7).

2. The plea of former conviction, filed by the defendant to the accusation in this case, charging him, under the State prohibition law, with having in his possession spirituous liquors, in which plea he alleged that he had pleaded guilty to; and been sentenced under, an information

in the United States district court, in the first count of which he was charged with having in his possession intoxicating liquor for sale, in violation of the national prohibition act, and in the second count of which he was charged with having in his possession and concealing intoxicating liquor, with the intent to defraud the United States of the internal-revenue tax due thereon, was properly stricken by the trial court on demurrer, for the reasons, first, that a conviction under the national prohibition act is not a bar to a prosecution under the State prohibition act, and second, because the offense set out in the accusation in the city court of Savannah was not the same offense as those charged in the information in the United States district court.

3. The court erred in assuming that the defendant had made a statement in his own defense, and in charging the jury thereon, when in fact the defendant had made no such statement; but this error is harmless, as the defendant introduced no evidence, and the uncontradicted evidence introduced by the State fully authorized the jury to convict him.

No. 2425.   JANUARY 10, 1922.

Accusation of violating liquor law.   Before Judge Rourke. City court of Savannah.   December 28, 1920.

On July 29, 1920, an accusation was lodged against the defendant in the city court of Savannah, charging him with a violation of the State prohibition act of March 28, 1917. This accusation was in two counts. In the first count the defendant was charged with having in his possession spirituous liquors; and in the second count he was charged with selling spirituous liquors. The defendant demurred to this accusation, on the ground that the Georgia prohibition act had been superseded and repealed by the eighteenth amendment to the constitution of the United States and the national prohibition act, known as the Volstead act. The court overruled his demurrer; and this ruling is assigned as error. The defendant then filed a plea of autrefois convict. In this plea he alleged that on October 22, 1920, in the district court of the United States for the eastern division of the southern district of Georgia, he was arraigned upon an accusation charging him with having intoxicating liquor in his possession and with selling the same, which charges were in separate counts and embraced the identical charges and covered the same transaction alleged in the accusation in the city court of Savannah. He attached to his plea a copy of the accusation in the United States district court, which was in three counts. The first count charged him with having and possessing, in violation of the national prohibition act, intoxicating liquor for sale. The second count charged him with selling intoxicating liquor. The

third count charged him with having in his possession and concealing one quart of intoxicating liquor, with the intent to defraud the United States of the internal revenue tax due upon said intoxicating liquor. On arraignment the defendant pleaded guilty to the first and second counts in the accusation in the United States district court; and thereupon was sentenced to pay a fine of two hundred dollars, which he paid.

On demurrer his plea of former conviction was stricken by the court. The defendant was then tried on the accusation in the city court of Savannah, was acquitted of selling intoxicating liquor as charged·in the second count, and was convicted of having liquor in his possession under the first count.

He assigns as error the judgment of the court striking his plea of autrefois convict.

*David S. Atkinson*, for plaintiff in error.

*Walter C. Hartridge, solicitor-general*, contra.

HINES, J. (After stating the foregoing facts).

1. This court has held that the eighteenth amendment to the constitution of the United States and the national prohibition act known as the Volstead act do not supersede and repeal the Georgia prohibition act of March 28, 1917. *Jones v. Hicks*, 150 *Ga.* 657 (104 S. E. 771, 11 A. L. R. 1315); *Scroggs v. State*, 150 *Ga.* 753 (105 S. E. 363); *Edwards v. State*, 150 *Ga.* 754 (105 S. E. 363); *Smith v. State*, 150 *Ga.* 775 (105 S. E. 364); *Neville v. State*, 152 *Ga.* 205 (108 S. E. 802). We see no reason to change the position taken by this court in the above cases. This disposes of the question raised by the defendant's demurrer to the accusation in this case.

2. The most serious question presented is whether the conviction of the defendant in the United States court for the eastern division of the southern district of Georgia constituted a bar to his trial and conviction on the accusation in the city court of Savannah. The constitution of this State declares that " No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial." Civil Code, § 6364. Has the defendant been put in jeopardy twice for the same offense?

From the nature of our dual form of government the same act may be an offense against the laws of the United States and of

this State, may be punished under both laws, and conviction and punishment under the Federal law is no bar to conviction and punishment under the state law. Fox *v.* Ohio, 5 How. (46 U. S.) 410, 433 (12 L. ed. 213) ; U. S. *v.* Marigold, 9 How. (50 U. S.) 560 (13 L. ed. 257) ; U. S. *v.* Amy, 24 Fed. Cas. 792 ; Moore *v.* Illinois, 14 How. 14 (14 L. ed. 306) ; Cross *v.* N. C., 132 U. S. 131 (10 Sup. Ct. 47, 33 L. ed. 287) ; Ex parte Guerra (Vt.) 110 Atl. 224, 10 A. L. R. 1560 ; U. S. *v.* Casey, 247 Fed. 362 ; U. S. *v.* Holt, 270 Fed. 639 ; Martin *v.* U. S., 271 Fed. 685 ; U. S. *v.* Bostow, 273 Fed. 535 ; U. S. *v.* Regan, 273 Fed. 727 ; U. S. *v.* Cruikshank, 92 U. S. 542 (23 L. ed. 588) ; Grafton *v.* U. S., 206 U. S. 333, 353 (27 Sup. Ct. 749, 51 L. ed. 1084, 11 Ann. Cas. 640) ; Gilbert *v.* Minnesota, 254 U. S. 325, 330 (41 Sup. Ct. 125, 66 L. ed. — ) ; State *v.* Moore, 143 Iowa, 240 (121 N. W. 1052, 21 Ann. Cas. 63) ; *Bryson* v. *State,* 27 *Ga. App.* 230 (108 S. E. 63) ; 16 C. J. 282.

In Moore *v.* Illinois, supra, the Supreme Court of the United States said : " Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both. Thus, an assault upon the marshal of the United States, and hindering him in the execution of legal process, is a high offence against the United States, for which the perpetrator is liable to punishment ; and the same act may be also a gross breach of the peace of the State, a riot, assault, or a murder, and subject the same person to a punishment, under the State laws, for a misdemeanor or felony. That either or both may (if they see fit) punish such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offence ; but only that by one act he has committed two offences, for each of which he is justly punishable."

The same transaction may constitute a crime under the laws of the United States and also under the laws of the State ; and a person violating both laws may be punished for both crimes ; and an acquittal or a conviction in one jurisdiction is no bar to an indictment in the other. Is this principle altered by the adoption of the eighteenth amendment to the constitution of the United States? The first section of this amendment prohibits " the

manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territories subject to the jurisdiction thereof, for beverage purposes."

The second section of this amendment is as follows: " Congress and the several States shall have concurrent power to enforce this article by appropriate legislation." What does the second section of this amendment mean? What do the words " concurrent power " in this section imply? They do not mean that the power is a joint one to be executed both by Congress and the several States. The power thus conferred upon Congress by the States is not exclusively in the latter, although territorially coextensive with the prohibition of the first section. National Prohibition Cases, 253 U. S. 350 (40 Sup. Ct. 486, 588, 64 L. ed. 946).

Before the adoption of this amendment the several States alone had power to enforce prohibition within their limits, except in cases of liquor moving in interstate or foreign commerce. When the States adopted this amendment they did not confer upon Congress the exclusive power to enforce the same. They granted power to Congress to pass necessary or proper legislation for its enforcement; but at the same time the several States reserved to themselves the power to do the same thing. Concurrent power, not being joint power, necessarily means separate power. Neither Congress nor the several States can make this power exclusive by first legislating to enforce this amendment or by first prosecuting one under their respective enforcement laws. Congress can pass just such laws as it may see fit to enforce this amendment. The States can pass just such laws as they may see fit to enforce this statute. Congress can impose just such penalties as it may see fit for violations of its laws to enforce this amendment. The several States can inflict just such penalties as they may see fit for violations of their statutes to enforce this amendment. The citizens of the United States must obey the laws passed by Congress to enforce this amendment. If they violate the acts of Congress, they must suffer the penalties imposed thereby. The citizens of the several States must obey the laws of their States passed to enforce this amendment. If they violate these laws, they must suffer the penalties thereby imposed.

The difficulty of properly interpreting the second section of the

eighteenth amendment to the constitution of the United States is fully appreciated. These difficulties will fully appear from a reading of the National Prohibition Cases, supra. The majority and weight of the decisions which have dealt with this subject since the adoption of the eighteenth amendment sustain the view above reached by us. We believe that these decisions are correct in principle and reasoning. Some of these decisions declare that a previous conviction, under these circumstances, may be considered by the courts in passing sentences or by executives who are clothed with power to extend clemency. U. S. *v.* Amy, 24 Fed. Cas. 792, 810; U. S. *v.* Palan, 167 Fed. 991; U. S. *v.* Holt, 270 Fed. 639; U. S. *v.* Bostow, 273 Fed. 535. There are cases which hold the opposite doctrine, and which would sustain the plea filed by the defendant in this case. U. S. *v.* Porria (D. C.), 255 Fed. 172; State *v.* Randall, 2 Aikens (Vt.), 89, 100; Commonwealth *v.* Overby, 80 Ky. 208 (3 Ky. Law R. 704, 44 Am. R. 471); Commonwealth *v.* Fuller, 49 Mass. 313 (41 Am. D. 509); U. S. *v.* Peterson, 268 Fed. 864. But on principle and authority we believe that the view herein expressed is the true view of the law upon this subject.

But this plea was not good for another reason. The defendant was charged in the United States district court with three offenses. In the first count he was charged with having and keeping intoxicating liquor for sale. In the second count he was charged with selling intoxicating liquor. In the third count he was charged with concealing one quart of intoxicating liquor with the intent to evade the payment of the internal revenue tax due thereon. He pleaded guilty in the United States district court to the charges embraced in the first and second counts of the bill of information. He was tried in the city court of Savannah on an accusation with two counts. In the first count he was charged with having the possession of spirituous liquors. In the second count he was charged with the sale of spirituous liquors. He was acquitted on the second count of this accusation, and convicted on the first. The charges embraced in the two accusations are entirely different and distinct offenses, except the charge of selling intoxicating liquor, which latter charge is embraced in both accusations. Of the latter charge he was acquitted in the city court of Savannah; and for this reason, if his plea of former jeopardy were otherwise valid, a reversal of

the judgment of the court below for the purpose of permitting the defendant to avail himself of this defense would be useless.

The eighteenth amendment prohibits only " the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exporation thereof from the United States and all territories subject to the jurisdiction thereof, for beverage purposes." Standing by itself this amendment does not prohibit the mere possession of liquor. The national prohibition act does not prohibit the possession of liquor for all purposes. Fed. Stat. Ann. 1919 Supp. 206 et seq.; Street v. Lincoln Safe Deposit Co., 254 U. S. 88 (41 Sup. Ct. 31, 66 L. ed., —, 10 A. L. R. 1548). Under this law the mere possession of liquor does not constitute a crime. The Georgia statute makes it unlawful " to have, control, or possess, in this State," any intoxicating liquors. Acts Ex. Sess. 1917, p. 8. Under this law the possession of intoxicating liquors is made a crime.

The charge of which the defendant was convicted in the city court of Savannah being entirely distinct and separate from the charges to which he pleaded guilty in the United States district court, his plea of former jeopardy would not lie. We are therefore of the opinion that the court did not err in striking this plea.

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified, and*

Beck, P. J., who dissents from the ruling in the third headnote.