### UNITED STATES v. McCANN.

(District Court, D. Connecticut. May 23, 1922.)

No. 2139.

1. **Intoxicating liquors** ⬳2½, **New, vol. 8A Key-No. Series—Eighteenth Amendment gives Congress "concurrent power" with states to regulate intrastate traffic in intoxicating liquors.**

The effect of the Eighteenth Amendment was to give Congress concurrent power with the states to regulate intrastate traffic in intoxicating liquors; "concurrent power" meaning a power continuously existing for efficacious ends to be exerted in support of the main object of the amendment and making contribution to the same general aim, according to the needs of the state, even though Congress also has exerted the power reposed in it by the amendment, by enacting enforcing legislation operative throughout the extent of its territory.

2. **Criminal law** ⬳201—**Prior conviction in state court for liquor law violation no bar to prosecution in federal court under National Prohibition Act.**

A prior conviction for the violation of the state Prohibition Act under Pub. Acts Conn. 1921, c. 291, does not constitute a bar to a prosecution in the federal court on an information in that court under National Prohibition Act, tit. 2, §§ 3, 29, since the prior conviction was for an offense against the state, and the same act may constitute an offense against both sovereignties, and may be punished by both.

John P. McCann was informed against for violation of the National Prohibition Act. On plea to the jurisdiction, and motion to quash the information, on the ground of previous conviction in the state courts. Plea overruled, and motion to quash denied.

George H. Cohen, Asst. U. S. Atty., of Hartford, Conn.
Lawrence S. Finkelstone, of Bridgeport, Conn., for defendant.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

THOMAS, District Judge. On August 11, 1921, the defendant was convicted in the city court of Bridgeport, Conn., under an information charging in the first count that on August 5, 1921, he sold and exchanged, and offered or exposed for sale and exchange, spirituous and intoxicating liquors, and that said sale was not in accordance with a permit issued by authority of the United States, and in the second count that on said date he owned and kept such liquors with intent to sell or exchange them without a permit issued by authority of the United States. This information was based on chapter 291 of the Public Acts of Connecticut for 1921, which provides as follows:

"An act concerning the enforcement of the Eighteenth Amendment to the Constitution of the United States.

* * . * * * * * * * *

"Sec. 2. Section 2790 of the General Statutes is amended to read as follows: Any person who shall, by sample, by soliciting or procuring orders, or otherwise, sell or exchange, or shall offer or expose for sale or exchange, or shall own or keep with intent to sell or exchange, or shall manufacture or transport for the purpose of sale or exchange, any spirituous and intoxicating liquors, shall be subject to the penalties provided in section 10 of this act: Provided nothing in this act shall prohibit the manufacture, transportation or sale of spirituous and intoxicating liquors by any person, firm or corporation when manufactured, transported or sold strictly in accordance with a permit issued by authority of the United States."

Thereafter the United States filed an information against said defendant, in this court, charging that on August 5, 1921, he sold and possessed intoxicating liquors for beverage purposes, said intoxicating liquors containing as much as ½ of 1 per cent. of alcohol by volume, in violation of the Eighteenth Amendment to the Constitution of the United States, which provides as follows:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation"

—and in violation of certain provisions of the National Prohibition Act (41 Stat. 308, 316), which provide as follows:

"Title 11 * * * Sec. 3. No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish, or possess any intoxicating liquor except as authorized in this act."

"Title 11. * * * Sec. 29. Any person who * * * sells liquor in violation of this title shall for a first offense be fined. * * * Any person * * * who * * * violates any of the provisions of this title, for which a special penalty is not prescribed, shall be fined for a first offense not more than $500."

The defendant has filed a plea to the jurisdiction and moved to quash the information on the ground that he has been previously tried for and convicted of the same offense. He contends, in effect, that since the adoption of the Eighteenth Amendment the states have no power to legislate regarding intrastate traffic in intoxicating liquors, except as agents of the federal government; that therefore the offense

281 F.—56

defined by the Connecticut statute above quoted must be regarded as an offense against the United States, and not against the state of Connecticut, and that such offense is identical with the one described in this information.

[1] With these contentions I cannot agree. Before the adoption of the Eighteenth Amendment, the states alone could regulate the intrastate traffic in intoxicating liquors, and Congress alone could regulate interstate traffic. The effect of the amendment was to give Congress jurisdiction concurrent with the states to regulate intrastate traffic. After an exhaustive examination and able discussion of many of the leading cases dealing with the definition of the words "concurrent power," Chief Justice Rugg, of the Supreme Judicial Court of Massachusetts, in Commonwealth v. Nickerson, 236 Mass. 281, at page 295, 128 N. E. 273, at page 279 (10 A. L. R. 1568), tersely states their meaning when he says that "concurrent power," as used in this connection, means:

"A power continuously existing for efficacious ends to be exerted in support of the main object of the amendment and making contribution to the same general aim according to the needs of the state, even though Congress also has exerted the power reposed in it by the amendment by enacting enforcing legislation operative throughout the extent of its territory." State v. Ceriani, 96 Conn. 130, 113 Atl. 316; Ex parte Crookshank (D. C.) 269 Fed. 980; United States v. Holt et al. (D. C.) 270 Fed. 639.

In other words, the state retains the power to regulate intrastate traffic in intoxicating liquors which it always had, subject to the limitation that such regulation must not conflict with the Eighteenth Amendment or federal legislation passed pursuant thereto. The assumption that the state statute in question was not passed in the exercise of this power, but in the exercise of a power delegated to it by the federal government, is entirely without foundation. Certainly the fact that it is entitled "An act concerning the enforcement of the Eighteenth Amendment to the Constitution of the United States" offers no basis for such a contention. Ex parte Volpi (Cal. App.) 199 Pac. 1090. It is true that the federal government may and in certain instances has adopted agencies of the state for the purpose of administering its own laws, as, for instance, when state courts administer the federal naturalization laws, but no instance has been cited where the state itself has been made an instrumentality for enforcing federal laws. It has, on the contrary, been held in a number of cases that the states do not, by adopting the Eighteenth Amendment, deprive themselves of the power to legislate upon intrastate traffic in intoxicating liquors, and that in so legislating they do not enforce the acts of Congress, but the amendment itself. State v. Ceriani, supra; State v. Campbell, 182 N. C. 911, 110 S. E. 86; Pollard v. Commonwealth, (Va.) 110 S. E. 354; State v. District Court, 58 Mont. 684, 194 Pac. 310; Ex parte Crookshank, supra; Ex parte Volpi (Cal. App.) 199 Pac. 1090. In the Volpi Case, the court said:

"Some confusion apparently exists as to the source of the present power of the states to prohibit the traffic in intoxicants—one point of view being that it is derived solely from the second section of the Eighteenth Amendment;

the other, that it is an inherent power, which the states have never surrendered. The latter view seems the more logical."

[2] Since the offense of which the defendant was previously convicted is an offense against the state, not against the United States, it is clear on reason and authority that his former conviction is no bar to this prosecution. It has been held in a long line of cases, of which the most recent is Gilbert v. Minn., 254 U. S. 325, 41 Sup. Ct. 125, 65 L. Ed. 287, that the same act may constitute an offense against two sovereignties and may be punished by both. Such is obviously the case here. In nearly every case in which the question here presented has been passed upon, the decision has been adverse to the defendant. United States v. Holt, supra; U. S. v. Bostow (D. C.) 273 Fed. 535; United States v. Regan (D. C.) 273 Fed. 727; United States v. Ratagczak (D. C.) 275 Fed. 558; Cooley v. State (Ga. Sup.) 110 S. E. 449; Youman v. Commonwealth, 193 Ky. 536, 237 S. W. 6.

The defendant's plea is overruled, and the motion to quash denied; and it is so ordered.