## UNITED STATES v. McCAIN.

## SAME v. WALTERS.

(District Court, E. D. Pennsylvania. October 17, 1924.)

Nos. 851, 852.

1. **Criminal law ⬅444—Altered document not admissible in evidence without explanation of alteration.**

Where suspicion is raised as to the genuineness of an altered document the party producing the document is bound to remove the suspicion by accounting for the alteration before it is admissible in evidence.

2. **Criminal law ⬅201—Prosecutions for the same acts as an offense against state law and federal law do not constitute double jeopardy.**

A prosecution, even though followed by an acquittal, of an offense against the state law, is not a bar to a prosecution for an offense against the federal law, consisting of the same acts charged as an offense against the state law.

Criminal prosecution by the United States against George McCain and William Walters. On motion for new trial and in arrest of judgment. Denied.

George W. Coles, U. S. Atty., and L. Leroy Deininger, Asst. Dist. Atty., both of Philadelphia, Pa., for the United States.

John E. McDonough, of Chester, Pa., for defendants.

THOMPSON, District Judge. Indictments were returned by the grand jury against the two defendants on September 9, 1924. The indictment against George McCain charged him with the sale of whisky at Chester, Pa., on March 11, 1924, with unlawful possession of whisky on that date and on the same date of maintaining a nuisance at a hotel conducted by him as a place where whisky was sold and kept. The defendant William Walters was charged with selling whisky on March 11, 1924. The indictments were consolidated, the defendants tried together, and a verdict of guilty returned as to each defendant.

At the trial, it was shown that William Walters was a barkeeper employed by McCain, and sufficient evidence was produced for the case to go to the jury upon the question as to whether McCain was chargeable with the sale of whisky by Walters as his employee on days in March, 1924. One of the witnesses for the prosecution was D. H. Austin, an officer of the state constabulary, who testified that on those occasions, in the company of another officer, he bought whisky from Walters. On cross-examination the attorney for the defendants produced and showed to Austin an information under oath, sworn to by him before a justice of the peace of Delaware county, which was subsequently identified as an information accompanying a return of the magistrate to the court of quarter sessions of Delaware county, certified by the magistrate on May 6, 1924. The return of the magistrate was attached to an indictment against McCain and Walters, returned by the grand jury in the court of quarter sessions of Delaware county, charging sales of liquor by the defendants on May 3, 1924.

Upon Austin's cross-examination in this court, he was merely shown the signature to the information before the magistrate, and asked if that was his signature, to which he answered in the affirmative. The record, which was produced and identified by the clerk of the quarter sessions as the record of that court, was offered in evidence at the close of the defendants' case for two purposes: First, to show a prior acquittal in the Delaware county court for the same offense for which the defendants were on trial in this court; and, second, for the purpose of contradicting the witness Austin, who had testified that he was not in Chester on the 3d day of May, 1924. The record was objected to by the assistant district attorney upon the ground that there was a material alteration in the sworn information, and upon the ground that the prior acquittal in the state court was no bar to the prosecution in this court. Upon inspection, it was found that the figures "3d" and the word "May" had been written in typewriting into the affidavit after other words and figures indicating a date in March had been erased, and

that the same alterations had beeen made in the jurat of the justice of the peace. No explanation having been offered of the apparent alterations of the record, the record was excluded as evidence to impeach the witness Austin, and as evidence of prior acquittal in bar of the prosecution, to which ruling an exception was allowed the defendant. Upon the ground that this was error, the attorney for defendants has moved for a new trial and in arrest of judgment.

[1] For the purposes of the present discussion, the charge in the state court may be assumed to have been based upon the same acts for which the defendants were on trial in this court. Upon the question of the exclusion of the altered affidavit and the return of the magistrate, the general rule is that, where suspicion is raised as to the genuineness of an altered document, the party producing the document is bound to remove the suspicion by accounting for the alteration. Smith v. United States, 2 Wall. (69 U. S.) 219, 17 L. Ed. 788. The alteration was entirely apparent, and it was material because the paper was offered to prove a prior sworn admission by the witness Austin that on May 3, 1924, he purchased liquor of the defendants in Chester, thereby contradicting his testimony that he was not in Chester upon that date. When he was upon the witness stand, his attention was not called to that date, but merely to his signature, which he identified. Under these circumstances, I know of no rule of evidence which makes an apparent material alteration in a writing evidence, even if it is produced as a court record, unless the party producing it offers evidence to show that the alteration was made before the paper was signed. I am therefore not convinced that I was in error in excluding the evidence.

[2] The ground urged in support of the motion in arrest of judgment is not, in my opinion, tenable under the authority of United States v. Lanza, 260 U. S. 377, 43 Sup. Ct. 141, 67 L. Ed. 314. The learned attorney for the defendant concedes that the decision in that case would be binding if there had been a prior conviction in the state court of the defendants convicted here, but that their acquittal presents a totally different question from that decided by the Supreme Court.

To the contrary of the defendants' contention is United States v. Ratagczak (D. C.) 275 Fed. 558, and with Judge Westernhaver's reasoning in that case I entirely agree.

It is urged that the defendants' contention is supported by McGovern v. United States (C. C. A.) 280 Fed. 73. An examination of that case does not support that contention. In that case, two proceedings had been brought in the same District Court, one by the United States through the United States district attorney, and the other subsequently on behalf of the United States, by the Attorney General of the state of Illinois, against the same defendants, to enjoin a liquor nuisance, and in each case a decree was entered, granting an injunction and ordering a liquor nuisance abated. The relief prayed for was the same, and rested upon the same facts. Subsequently, in each case a judgment for contempt for violating the respective orders was entered, and the Circuit Court of Appeals held that the defendants in the second suit might have pleaded in abatement the pendency of the first suit, and that, after judgment, the first suit might be pleaded in bar as a complete defense to the prosecution of the second suit in the same court.

Neither the facts nor the law in that case have application to the present case. The grounds upon which United States v. Lanza and similar decisions in the District Courts are based expressly exclude the theory that two prosecutions to verdict and judgment for the same act, one as an offense under the National Prohibition Act, and the other under the state law, constitute double jeopardy under the Fifth Amendment to the Constitution. The Fifth Amendment protects any person from being subjected for the same offense to double jeopardy, and the distinction between an offense against the law of the United States and the acts constituting the offense has always been clearly marked.

If this distinction between the offense and the commission of the acts which constitute separate and distinct offenses against the law of either sovereignty is borne in mind, it will readily be seen that a prosecution, even though followed by acquittal of an offense against the state law is not a bar to a prosecution under the federal law for an offense against that law consisting of the same acts charged as an offense against the state law.

The motion for a new trial and the motion in arrest of judgment are denied. It is ordered that defendants appear on Wednesday, October 22, at 10 a. m., for sentence.