E. S. McKENDRY, Florence Lowe Barnes, also known as Pancho Barnes, and William Emmert Barnes, Appellants.

v.

UNITED STATES of America, Appellee.

No. 15580.

United States Court of Appeals Ninth Circuit.

April 21, 1958.

Beardsley, Hufstedler & Kemble, Los Angeles, Cal., for appellant.

Perry W. Morton, Asst. Atty. Gen., Rober P. Marquis, Attorney, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Joseph F. McPherson, Albert N. Minton, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and HAMLIN, District Judge.

**660**

HAMLIN, District Judge.

The major point raised in this appeal involves the validity of a Declaration of Taking of private property for use by the government for a military installation pursuant to 40 U.S.C.A. § 258a. The facts generally show that in 1952 the Department of the Air Force was undertaking expansion of the Edwards Air Force Base in Kern County, California, and required Appellants' land, consisting of some 360 acres, for that purpose. Purchase negotiations having failed, the institution of condemnation proceedings became necessary. There was then pending in the District Court a condemnation action entitled United States v. 1,710.73 Acres of Land, etc., numbered Civil 1201 ND, in which other lands for Edwards Air Force Base were being acquired. Appellants' lands were not described in that action. It having been determined that Appellants' lands should also be condemned, the Assistant Secretary of the Air Force by letter of February 3, 1953, transmitted to the Attorney General a Declaration of Taking executed the same day, covering Appellants' lands. The Declaration of Taking had been drafted with the thought that the pending complaint in condemnation might be amended to include therein a description of Appellants' lands, and that accordingly the Declaration of Taking would be filed in case Civil 1201 ND (the pending action) and hence had the caption of that case and was designated Declaration of Taking No. 2.[1]

The appropriate instructions and the Declaration of Taking were transmitted to the United States Attorney in Los Angeles with a request that an amended complaint including Appellants' lands be filed and that Declaration of Taking No. 2, in which Appellants' lands were described, be also filed. The local United States Attorney by letter to the Department of Justice suggested that, for the reasons stated therein, a separate condemnation action be filed, covering Appellants' lands alone, and requested permission to file a separate action. Such permission was received by telegram from the Attorney General. Accordingly, on February 27, 1953, the complaint in the instant case No. 1253 ND Civil was filed, and at the direction of the attorney in charge of the case, the Declaration of Taking was conformed to the procedural change by correcting in the caption (1) the title of the cause, (2) the civil number, and (3) the title of "Declaration of Taking No. 2" by striking "No. 2" therefrom. One change was made in the body of the Declaration, by deleting in paragraph 2 thereof the word "amended" which referred to the complaint.

The law provides that upon the filing of said Declaration of Taking and the depositing in Court of the amount of the estimated compensation, title to said lands shall vest in the United States. 40 U.S.C.A. § 258a. Accordingly, on March 2, 1953, an *ex parte* decree was entered upon the Declaration of Taking. The Attorney General advised the Secretary of the Air Force by letter of the filing of the complaint in condemnation, and forwarded to him certified copies of the complaint and the decree on Declaration of Taking.

From the beginning of the proceedings until the present day, the record is replete with one legal maneuver after another by the Appellants, seeking to prevent the United States from acquiring either possession or title to the lands involved. Motions were made by Appellants appearing in *propria persona* to set aside the Declaration of Taking, in which it was variously described as "manufactured", "forged" and "fraudulent."

The Court denied these motions and the action proceeded to trial, at the conclusion of which a jury verdict awarded plaintiffs the sum of $377,500.00. No issue is raised on this appeal concerning the jury trial or the amount of compensation awarded.

---

1. The Assistant Secretary's letter requested that the necessary action be taken to amend the pending condemnation action so as to include Appellants' lands therein.

Appellants in their brief make only two specifications of error:

(1) The Trial Court erred in denying Appellants' motion to set aside the Declaration of Taking and the *ex parte* judgment entered thereon; and

(2) The Trial Court committed prejudicial error in receiving into evidence upon the hearing of Appellants' said motions, documents introduced by the Government which were inadmissible.

The attacks made by the Appellants upon the Declaration of Taking were many and varied, as have been their attacks upon the entire condemnation proceedings. The Appellants contend that the Declaration was altered after its execution, that the alterations were made without authority and without the knowledge or consent of the Assistant Secretary of the Air Force, the issuing authority, that the Attorney General had no authority to authorize the alteration of the Declaration of Taking, that the alterations were material, and that the altered Declaration of Taking was void.

Some changes were made in the caption of the Declaration of Taking to make it conform to the procedure of being filed in a separate condemnation action (No. 1253 ND) rather than being included in the one already on file (No. 1201 ND). Actually, the only change in the body of the Declaration of Taking from the time it was first drawn until it was filed is the deletion of the word "amended" in paragraph 2 of said Declaration.[2] As originally drawn it referred to a description of the lands therein contained as being a description of the lands described in the "amended complaint in condemnation" and when it was filed it referred to a description of the same property as described in the "complaint in condemnation."

Appellants, in their contention that there was a material alteration in the Declaration of Taking, rely on cases where stock certificates have been changed and the rights of the parties thereto have been affected, Southern California Edison Co. v. Hurley, 9 Cir., 202 F.2d 257; where there was a change in the date of payment in a contract, Morley-Murphy Co. v. Van Vreede, 223 Wis. 1, 269 N.W. 664; where there was a change in an important date in a court record, United States v. McCain, D.C., 1 F.2d 985; and similar cases.

The statute requires that the Declaration of Taking contain five specific statements, 40 U.S.C.A. § 258a.[3] The Decla-

2. "(2) A general description of the lands being taken is set forth in Schedule A, attached hereto and made a part hereof, and is a description of part of the lands described in the Complaint in Condemnation filed in the above entitled cause."

3. "§ 258a.
"In any proceeding in any court of the United States outside of the District of Columbia which has been or may be instituted by and in the name of and under the authority of the United States for the acquisition of any land or easement or right of way in land for the public use, the petitioner may file in the cause, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the lands described in the petition, declaring that said lands are thereby taken for the use of the United States. Said declaration of taking shall contain or have annexed thereto—
"(1) A statement of the authority under which and the public use for which said lands are taken.

"(2) A description of the lands taken sufficient for the identification thereof.
"(3) A statement of the estate or interest in said lands taken for said public use.
"(4) A plan showing the lands taken.
"(5) A statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken.
"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said

ration of Taking in this case complied with these requirements. It contained: (1) A statement of the authority under which and the public use for which said lands are taken; (2) A description of the lands taken sufficient for the identification thereof; (3) A statement of the estate or interest in said lands taken for said public use; (4) A plan showing the lands taken; and (5) A statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken.

The statute does not require the Declaration of Taking to be entitled in the case in which it was filed, nor does it require that it have any caption whatever. Further, the statute does not require the Declaration to contain any reference to the complaint or amended complaint or to the "petition," as the statute terms it.

■■ The Declaration of Taking procedure is ancillary to the main condemnation proceeding. Catlin v. U. S., 324 U.S. 229, at page 240, 65 S.Ct. 631, at page 637, 89 L.Ed. 911. In a case cited by Appellants' Southern California Edison Co. v. Hurley, supra, it is said that "a material alteration is one that works some change in the rights, interests, or obligations of the parties to the writing." [202 F.2d 262.] Arguing that the alteration was material, Appellants assert that if the Declaration of Taking was filed in the then pending condemnation action instead of a separate action, that

it would have been necessary to file a supplemental complaint (a point upon which we express no opinion) and that therefore permission of the Court would have of necessity had to be obtained therefor, which would have resulted in the Declaration of Taking not being able to be filed before March 2nd instead of February 27th, when it was filed. This would result in the value of the lands being determined as of March 2, 1953 instead of February 27, 1953.[4] Even if this procedure were necessary and this result would have occurred, Appellants have not pointed out nor can we see that there was any material change in the rights of the parties.

■ We hold that there was no material alteration in the Declaration of Taking.

■ Appellants' second specification of error is that there was error in the admission before the Court, upon the hearing of their motion to set aside the Declaration of Taking, of an affidavit and the exhibits attached thereto which contained photostatic copies of certified copies of letters. This contention is equally without merit. The affidavit in question, that of Assistant United States Attorney Lavine, showed that the photostats attached thereto were "true photostats" of the original documents in the United States Attorney's file. The United States Attorney's file was produced in court and Appellants

judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. No sum so paid into the court shall be charged with commissions or poundage.

"Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect of said lands, or any parcel thereof, shall

exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency.

"Upon the filing of a declaration of taking, the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner. The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable. Feb. 26, 1931, c. 307, § 1, 46 Stat. 1421."

4. Valuation is determined as of the date of taking. United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336.

were offered the opportunity of inspecting it. The Appellants have not pointed out how or why the contents of any of the exhibits attached to Mr. Lavine's affidavit were in any way inadmissible or prejudicial. We believe they were properly authenticated by the affidavit of Mr. Lavine (28 U.S.C.A. § 1733[b]) and were admissible. The only case cited by Appellants on this issue, Yung Jin Teung v. Dulles, 2 Cir., 229 F.2d 244, is not in point.

The judgment is affirmed.