STATE OF IOWA, Appellee, v. JAMES H. MOORE, JAMES
ROACH, Appellants.

**Criminal law:** FORMER JEOPARDY: OFFENSES AGAINST DIFFERENT SOVER-
EIGNTIES. The conviction of a defendant under the federal stat-
utes, for breaking and entering a postoffice with intent to commit
larceny, is not a bar to a subsequent prosecution by the State
for burglary under an indictment charging the same state of
facts.

*Appeal from Grundy District Court.*—HON. C. S.
RANSIER, Judge.

THURSDAY, JULY 1, 1909.

THE defendants were indicted for burglary. From a
judgment of conviction, they have appealed.—*Affirmed.*

*Tom. H. Milner* and *Charles T. Rogers,* for appel-
lants.

*H. W. Byers,* Attorney General, and *Charles W.
Lyon,* Assistant Attorney General, for the State.

EVANS, C. J.—The indictment charged the defendants
under section 4791 of the Code with the crime of breaking
and entering in the nighttime a building belonging to
Charles J. Adams, with intent to commit larceny. The
defendants entered a plea of not guilty and a plea of
former conviction for the same offense. The trial court
determined as a matter of law that the plea of former con-
viction as made presented no defense. On the issue of
"not guilty," the verdict of the jury was adverse to the
defendants.

. The facts, briefly stated, are that one Adams was postmaster at Reinbeck, Iowa, and was owner of the building in which the post office was located. The post office proper was contained in the front room of such building. In the rear of the post office was another room occupied by Adams principally as a private office. In the rear of this office was another room in which was contained his printing establishment. Between the post office and the private office was a partition, and a door therein furnished the means of passing from one office to the other. In the private office Adams had his safe, wherein he kept his post office funds. The office was used more or less also by the rural mail carriers. On the night of December 12, 1904, the defendants are alleged to have broken and entered this private office and rifled the safe therein of its contents, consisting principally of currency, a part of which belonged to the government, and a part of which belonged to Adams. The defendants were first apprehended and taken into custody by the federal officers. They were prosecuted and convicted in the federal court under section 5478, Rev. St. U. S. After serving the term of imprisonment imposed by the federal court, they were put upon trial under the indictment in the present case. The fact that they were formerly convicted in the federal court furnishes the basis of their plea of former conviction in this case.

The only question submitted for our consideration is whether as a matter of law such plea should be sustained. It is urged in argument that the offense for which they were convicted in the federal court is the same offense as is charged against them in the present case. The contention can not be sustained. It is true that the same act on their part is involved in both prosecutions. But the criminal offense is quite distinct in a legal sense. The current of legal authority is quite uniform on this question. The reasons for the distinction are well set forth

by the Supreme Court of the United States in the case of *United States v. Cruikshank,* 92 U. S. 542 (23 L. Ed. 588). We quote as follows from the opinion of Chief Justice Waite in that case:

The people of the United States resident within any state are subject to two governments, one state and the other national; but there need be no conflict between the two. The power which the one possesses the other does not. They are established for different purposes, and have separate jurisdiction. Together they make one whole, and furnish the people of the United States with a complete government, ample for the protection of all their rights at home and abroad. True, it may sometimes happen that a person is amenable to both jurisdictions for one and the same act. Thus, if a marshal of the United States is unlawfully resisted while executing the process of the courts within a state, and the resistance is accompanied by an assault upon an officer, the sovereignty of the United States is violated by the resistance, and that of the state by the breach of the peace in the assault. So, too, if one passes counterfeited coin of the United States within a state, it may be an offense against the United States and the state—the United States, because it discredits the coin, and the state, because of the fraud upon him to whom it is passed. This does not, however, necessarily imply that the two governments possess powers in common, or bring them into conflict with each other. It is the natural consequence of a citizenship which owes allegiance to two sovereigns and claims protection from both. The citizen can not complain because he has voluntarily submitted himself to such form of government. He owes allegiance to the two departments, so to speak, and, within their respective spheres must pay the penalties which each exacts for disobedience to its laws. In return, he can demand protection from each within its own jurisdiction.

Upon these authorities and on principle it is clear that the pleas are bad. The defendants have never been tried for the offense charged in this indictment. For either, the state court before which they were tried had no jurisdiction in the premises, and then the proceeding

set forth in the pleas was a nullity, or, if it had, it was of an offense against the law of the state, and not the United States. But, after all, the most serious argument in support of this defense has been the hardship of being compelled to submit to two trials for one act. But that is no defense to the indictment, however much, in a proper case, it might operate to prevent the finding or prosecutions of a second one therefor.

For other authorities, see the following: *People v. Welch,* 141 N. Y. 266 (36 N. E. 328, 24 L. R. A. 117, 38 Am. St. Rep. 793); *Grafton v. U. S.,* 206 U. S. 354 (27 Sup. Ct. 749, 51 L. Ed. 1084); *State v. Rankin,* 44 Tenn. 145; *State ex rel. Platt v. Kirk,* 44 Ind. 401 (15 Am. Rep. 239); *Moore v. People,* 14 How. 13 (14 L. Ed. 306).

The trial court properly refused to sustain defendants' plea in this case.

The judgment below must therefore be *affirmed.*