THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS BORD, Appellant.

*Crimes — incest — intermarriage within prohibited degree — crime complete on intermarriage — proof of carnal knowledge unnecessary — where same offense is felony or misdemeanor under different statutes prosecution may be had for either.*

1. Under section 1110 of the Penal Law declaring intermarriage between persons related within the prohibited degree to be incest, the offense becomes complete · upon intermarriage and to sustain a conviction it is not necessary to establish carnal knowledge. ·

2. Subdivision 3 of section 5 of the Domestic Relations Law (Cons. Laws, ch. 14) making the parties to an incestuous marriage punishable for a minor offense merely creates another crime. It cannot be said to be exclusive and prosecution may be for either the felony or the misdemeanor.

*People* v. *Bord*, 217 App. Div. 721, affirmed.

(Argued October 5, 1926; decided October 12, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 17, 1926, which affirmed a judgment of the Onondaga County Court, rendered upon a verdict convicting the defendant of the crime of incest.

*Charles D. O'Brien* and *Thomas J. Lowery* for appellant.

*Clarence Unckless, District Attorney (William C. Martin* of counsel), for respondent.

PER CURIAM. Under a statute which declares intermarriage between persons related within the prohibited degrees to be incest it has been held that the offense becomes complete upon intermarriage and that to sustain a conviction it is not necessary to establish carnal knowledge. Such statutes are common. " It is entirely competent for the Legislature, upon declaring an act to be a crime, to designate it by any term that may be chosen for that purpose." Intermarriage is the act of marrying. (*State* v. *Schaunhurst*, 34 Iowa, 547; *Hintz* v. *State*, 58 Wis. 493.)

The provision in the Domestic Relations Law, § 5, subd. 3 (Cons. Laws, ch. 14) making the parties to an incestuous marriage punishable for a minor offense merely creates another crime, applicable to marriages where there is no incestuous connection. It cannot be said to be exclusive without changing the meaning of the word " intermarry " in Penal Law, section 1110, as defined above.

The district attorney may prosecute for the felony or for the misdemeanor as he chooses. The elements of the crime are the same.

The judgment should be affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.