THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES PAPACCIO, Defendant.

Court of General Sessions, New York County, June 29, 1931.

*Thomas C. T. Crain, District Attorney [Louis J. Capazolli, Assistant District Attorney*, of counsel], for the plaintiff.

*Robert R. Lawson*, for the defendant.

FRESCHI, J.   Defendant moves to quash the indictment herein charging the crime of murder in the first degree in two counts and another indictment charging assault in the first degree.   He bases his application upon the ground that on June 24, 1920, he was apprehended by the authorities of the Kingdom of Italy in Naples, Italy, and was tried and convicted in an Italian court for the crime committed in this country and sentenced in Italy to solitary confinement.   He claims now that the trial, conviction and penal servitude in Italy are a bar to the prosecution in this country.

It appears that this defendant, a citizen of Italy, was tried in Italy pursuant to Italian law which makes it a crime there for an Italian subject to commit certain crimes in foreign lands against the laws of the country where he resides, in February, 1923, at whose trial certain members of the New York police force and of the New York county district attorney's office were witnesses.   Upon being found guilty by an Italian court for the murder charged in the indictment in this case, he served a sentence of six years and four months in the San Gimignano Prison in Northern Italy, the three years of solitary confinement while he awaited trial there having been allowed by way of reduction of the original sentence of eight years, nine months and sixteen days imposed. In March, 1931, upon being released from the Italian prison, the defendant voluntarily returned to this country and was, on May 4, 1931, apprehended by our police and is now confined in the city prison of New York county awaiting trial under the indictment here.   He claims his incarceration illegal and, therefore, asks for a dismissal of this indictment.

The trial, conviction and sentence in the Italian courts were had and imposed by virtue of section 5 of the " Codice Penale " (Italian Penal Code), the existence and translation of which has been stipulated by counsel for the People and the defendant in the case at bar.   Its provisions state: " The citizen who * * * has committed a crime in a foreign country, the punishment for which, according to the Italian Law, would be not less than three years, in punishable under the Italian Law, provided that he is found within the territory of the Kingdom of Italy; but the punishment would be reduced one-sixth and in case of a life sentence the sentence is changed instead into reclusion of twenty-five to thirty years."

The meaning of this law seems to be that Italy holds those who remain its citizens and who return to its jurisdiction, to obey the laws of the country to which they migrate and will punish them for an infraction of certain domestic laws of the country

of their stay and whose asylum they accept, when they are found guilty thereof.

I cannot agree with defendant's contention and hold that this motion must be denied. Our practice and procedure do not allow the dismissal of an indictment on any such ground. Section 313 of the Code of Criminal Procedure provides: " The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other:

" 1. When it is not found, endorsed and presented as prescribed in sections two hundred and sixty-eight and two hundred and seventy-two:

" 2. When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four." (Amd. by Laws of 1897; chap. 427.)

Sections 268 to 272 of the Code of Criminal Procedure on procedural matters deal with the finding and presentation of the indictment. The ground urged here by counsel clearly is not stated as one of the reasons for the dismissal of an indictment. Furthermore the defendant has entered a plea of not guilty upon his arraignment in this court, but he did not plead a former judgment of conviction as required by the statute (§ 332), and now for the first time he urges a plea of former jeopardy on this motion. It seems to me that his present motion should have been for the amendment of his former plea in order to raise the question of prior jeopardy, its force and value at the trial of this action.

True, this is *obiter dictum*, and it might be well at this point to rule on the validity of such special plea. Aside from the form and sufficiency of said plea, I am of the opinion that the conviction in the courts of the Kingdom of Italy, in the absence of specific treaty provisions binding our State courts, cannot successfully be pleaded in bar to a prosecution under an indictment in this State when it appears that here is where the crime was committed. The general rule is well stated that conviction of crime against one government cannot be sustained as a bar to a prosecution by another government for the same act. " A single act or transaction may constitute a violation of the laws of two governments." They must be " considered as separate and distinct crimes." (See *State* v. *Moore*, 143 Iowa, 240, and footnotes in 21 Am. & Eng. Ann. Cas. 64, and cases there cited.) In the case of *State* v. *Rankin* (44 Tenn. [4 Coldw.] 145) the court said: " The Government of the United States, and that of the state of Tennessee, are both, within

its sphere, separate and distinct sovereignties; each may and has provided for the punishment of offenses against its own laws; but neither can, by merely providing for the punishment of offenders against its laws, deprive the other of the right or the power to punish offenses against its laws; and the mere fact that the same act may be an offense against the laws of both can make no difference. The Act of Congress was not designed, neither could it operate, to provide a punishment for an offense against the laws of the State. One sovereign may not administer the criminal laws of another, or oust another of its jurisdiction to try and punish an offender against its laws, by punishing the same act. Murder is an offense against the laws of Tennessee, whether the perpetrator be a citizen or soldier; while it is only an offense against the laws of the United States, when committed in time of civil war, insurrection or rebellion, and when the perpetrator is in the military service of the United States, and subject to the articles of war." (See, also, rule stated, where previous conviction, sentence and punishment is a complete bar for a crime growing out of identical facts on which present prosecution is based, in *People* v. *McDaniels*, 137 Cal. 192, and footnote discussion on " Identity of Sovereignties, etc., or of Laws Violated " in 92 Am. St. Rep. 95.)

Motion denied.