## Commonwealth v. Williams

*George M. Hess*, for Commonwealth.

*Bertram Murphy*, for defendant.

WILLIAMS, P. J., January 24, 1957.—As a result of a collision in which an unattended vehicle was damaged, defendant is charged with violation of subsection (*a*) and subsection (*d*) of The Vehicle Code of May 1,

1929, P. L. 905, sec. 1025, as amended by the Act of June 22, 1931, P. L. 751, sec. 2, and June 29, 1937, P. L. 2329, sec. 3, 75 PS §634.

Subsection (*a*) provides that "the driver of any vehicle involved in an accident, resulting in injury or death to any person or damage to property, shall immediately stop such vehicle at the scene of such accident."

Subsection (*d*) provides that the driver of any vehicle, street car or trackless trolley omnibus, which is involved in any accident with any vehicle or property which is unattended, shall immediately stop, and shall then and there either locate and notify the operator or owner of such unattended vehicle, or the owner or custodian of such unattended property, of the name and address of the driver and owner of the vehicle involved in such accident with the unattended vehicle or property, or shall leave in a conspicuous place, in or upon the unattended vehicle or property, a written notice, giving the name and address of the driver, and of the owner of the vehicle involved in such accident, and a statement of the circumstances thereof, and also shall, within 24 hours, forward to the department a similar notice regardless of the amount of damage done to such unattended vehicle or property.

The legislature made violation of subsection (*a*) a misdemeanor, and violation of subsection (*d*) a summary conviction.

Defendant was given a hearing before an alderman of the city of Williamsport and was fined $25 for violation of subsection (*d*). An information and transcript was filed in this court as to subsection (*a*) and defendant now moves to quash the proceedings.

Defendant argues that subsection (*a*) was not intended as a violation in an accident resulting in damage to unattended property but that subsection (*d*) which provides for a summary offense was intend-

ed for all such cases. Defendant also argues that inasmuch as defendant was fined $25 under the summary offense of subsection (*d*), that he is now being placed in jeopardy for the same offense.

Five sections comprise section 1025 of The Vehicle Code as it has now been amended. In addition to subsection (*a*) and subsection (*d*), there is subsection (*b*) which makes it a misdemeanor for the driver or owner of a vehicle involved in an accident to fail to give identification to the person struck or the driver of the vehicle or the custodian of the property involved. There is also subsection (*c*) which makes it a summary offense for other occupants to fail to give certain information and assistance whenever the driver of the vehicle involved is unable to give the information or assistance required, and subsection (*e*) which makes it a misdemeanor for the operator of a streetcar or trackless trolley involved in an accident, resulting in injury or death to any person or damage to property, to fail to render assistance. The legislature included all five of the subsections under a heading which was named: "Duty to stop in event of accident".

We have already ruled that a defendant may be charged under both sections (*a*) and (*d*): Commonwealth v. Yost, 88 D. & C. 555. In so ruling, however, we declared that we agreed with the reasoning of Judge Knight in Commonwealth v. Wolfendale, 43 D. & C. 230, in which he said the two sections were not conflicting and in which he further ruled that the legislature did not intend that the punishments would be different depending on whether or not the property damaged was attended or unattended. However it has been called to our attention that the Montgomery County court, of which Judge Knight is a member, has since ruled differently: Commonwealth v. McCalla, 11 D. & C. 2d 526. We have been asked to change our former opinion.

After further consideration we arrive at the same conclusion we reached in Commonwealth v. Yost, supra. In our opinion the essence of the offense in subsection (*d*) is the failure to immediately leave identification on the unattended automobile, or find the owner to give identification. For the Commonwealth to prove one guilty of subsection (*d*), it has to prove that defendant failed to leave such identification. Of course for defendant to immediately leave such identification, it would be necessary for him to immediately stop. If it were proven defendant failed to stop immediately, it would follow logically that he failed to immediately place identification on the unattended automobile.

We have been asked to find that subsections (*a*) and (*d*) are in conflict with each other, are unreasonable, and to find that subsection (*a*) is a general provision of the law which insofar as unattended vehicles are concerned must yield to subsection (*d*), a special provision. We are of the opinion that subsections (*a*) and (*d*) are not in conflict, are not irreconcilable and are not unreasonable. Even though we were to call subsection (*d*) a special provision, a specific statute does not necessarily replace a more general statute, and does not become the exclusive method of prosecution: People v. Bord, 243 N. Y. 595, 154 N. E. 620. Even though we were to find that the failure to immediately stop was not only a crime under subsection (*a*), but also subsection (*d*), the fact that an act is a crime under two or more sections of the Penal Code does not bar prosecution under either provision. In such a case the duty devolves upon the district attorney to determine under which of the applicable sections of the statute an indictment should be found: People v. Malavassi, 248 App. Div. 784, 289 N. Y. S. 163.

Subsection (*a*) is explicit that the driver of any vehicle involved in an accident, resulting in damage to property, shall immediately stop. This subsection of

the act reads the same·now as it did before the later amendments. Certainly if the legislature intended to change the law, it would not have allowed subsection (a) to remain as it now reads. In deliberating on sec- ,tions (c), (d) and (e), the legislature was certainly cognizant of subsection (a).

As to the plea of double jeopardy or autrefois acquit, prosecution of a person for separate offenses based upon the same transaction do not involve double jeop- ardy where there are distinct elements in one offense which are not included in the other: 17 ALR 2d 1003. A single act may be an offense against two statutes, and if each statute requires proof of an additional act which the other does not, an acquittal or conviction under either statute does not exempt defendant from prosecution and punishment under the other: State v. Moore, 143 Iowa 240, 121 N.W. 1052.

The test in the plea of autrefois acquit is whether the evidence necessary to support the second indict- ment would have been sufficient. to procure a legal conviction upon the first: Commonwealth v. Moon, 151 Pa. Superior Ct. 555.

Under subsection (d), upon which subsection de- fendant has paid a fine, the essence of the offense is the failure to immediately leave identification. A de- fendant could be guilty of subsection (a) without being guilty of subsection (d). There is a distinct element in subsection (d) which is not included in subsection (a). A conviction under subsection (d) does not relieve defendant from prosecution under subsection (a). We are of the opinion, however, that subsection (d) was enacted for those cases when an unattended automobile is struck with little or no chance of proving that the striking car stopped. We feel that the district attorney and the prosecuting officers should determine the bringing of the action according to the amount of proof. We feel that if there is sufficient evidence to

show a failure to stop that subsection (*a*) should be used, otherwise subsection (*d*).

## Order

And now, January 24, 1957, motion to quash is refused, costs on defendant.