STATE of Wisconsin, Plaintiff-Respondent,

v.

Allen D. MECHTEL, Defendant-Appellant.

Supreme Court

*No. 91–2870–CR. Oral argument March 31, 1993.—Decided May 19, 1993.*

(Also reported in 499 N.W.2d 662.)

For the defendant-appellant there were briefs by *Janet A. Jenkins* and *Johns & Flaherty, S.C.*, and *Michael J. Devanie* and *Davis, Birnbaum, Marcou, Devanie & Colgan,* all of La Crosse and oral argument by *Mr. Devanie.*

For the plaintiff-respondent the cause was argued by *David J. Becker,* assistant attorney general with whom on the brief was *James E. Doyle,* attorney general.

LOUIS J. CECI, J.   This case is before the court on certification from the court of appeals, pursuant to sec. (Rule) 809.61, Stats. The defendant-appellant, Allen D. Mechtel, appeals from judgments of conviction and orders denying postconviction relief entered in the circuit court for La Crosse County, Peter G. Pappas, Circuit Judge. The sole issue certified by the court of appeals is "whether a federal magistrate's decision on a fourth amendment suppression issue is binding on the trial court in a state criminal prosecution, under the facts presented in this case." The federal magistrate's decision was rendered in a separate federal prosecution upon the defendant's motion to suppress evidence on the grounds that officers had intentionally or recklessly made false statements when applying for a search warrant before a state circuit court judge in the state prosecution and that the application for that warrant failed to establish probable cause. The defendant argues that the magistrate's decision is now binding on state courts and that therefore his judgments of conviction, which were entered in state court before the

magistrate made his determination, should be vacated, a new trial should be granted, and any evidence seized under the allegedly deficient warrant should be suppressed. We disagree.

We briefly address and reject the other arguments the defendant raises.

On June 3, 1988, a circuit court judge heard testimony from investigators from the La Crosse Police Department. The officers testified about facts they had uncovered regarding the defendant. The circuit court judge issued a search warrant, and La Crosse police executed the warrant, seizing drugs, drug paraphernalia, and firearms from the defendant's home. The criminal complaint charged the defendant with possessing cocaine and marijuana with intent to deliver and with several counts of possession of firearms after having been convicted of a felony. These latter counts were later dismissed without prejudice because a federal prosecutor intended to begin a separate and distinct federal prosecution on the firearms charges.

In state circuit court, the defendant filed a motion alleging that the police falsely represented material facts when applying for the warrant. The defendant sought an evidentiary hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978). In *Franks,* the United States Supreme Court held that if

> the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is

established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.* at 155–56. *See also State v. Anderson,* 138 Wis. 2d 451, 462, 406 N.W.2d 398 (1987).

The circuit court held a *Franks* hearing and denied the defendant's suppression motion. A trial was held, and the defendant was convicted of possession of marijuana and cocaine with intent to deliver, in violation of secs. 161.41(1m)(h) and 161.41(1m)(c)3, Stats.

Subsequently, the defendant was indicted for a federal firearms violation. The evidence of this federal firearms violation had been seized at the same time as the evidence of the state drug violations and pursuant to the same search warrant. A federal magistrate held a new *Franks* hearing in a "Report and Recommendation" determined that and

> the testimony at the probable cause hearing contained intentional or reckless false statements or omissions which were material to the probable cause determination.
>
> . . .
> . . . With these false statements stricken from, and the omissions added to, the evidence adduced at the probable cause hearing, I have also concluded that probable cause does not exist for the issuance of the warrant . . . .

The United States Attorney's Office then filed an "order for dismissal" of the indictment, which the district court judge granted.

After the federal indictment was dismissed, the defendant filed a "motion for vacation of judgment of conviction, for vacation of order denying motion to suppress fruits of search . . ., for entry of an order suppressing fruits of said search, and for a new trial" in the La Crosse County circuit court. The defendant argued that, given the procedural posture of the case and state courts' obligation to accept federal determinations of federal law, the state court had "no alternative but to act in accord with the federal determination."

In response, the state sought a new *Franks* hearing in state court. In its motion, the state said that an evidentiary hearing on the *Franks* issues would be "in the interest of justice" because it would allow a full airing of the *Franks* issues. The state asserted that the federal magistrate had made an error on one crucial point. At the same time, the state conceded that the magistrate correctly identified some factual errors in the testimony supporting the warrant. The state conceded that during the trial the defendant became aware of facts that would have been relevant to the pretrial state *Franks* hearing and that knowledge of those facts "would allow" the defendant to "question whether he received a 'full, fair, and adequate hearing' as part of the state court proceeding."

The defendant objected to a new *Franks* hearing. The circuit court granted the state's request, and the court of appeals granted the defendant leave to appeal that order. In an unpublished opinion, the court of appeals held that the state could not force the defendant to participate in another *Franks* hearing. Upon remand from the court of appeals, the circuit court denied the defendant's motion to vacate his convictions, suppress the evidence, and have a new trial.

The defendant appealed; the court of appeals certified the issue described earlier; and we accepted certification.

The first issue concerns the effect the federal magistrate's determination has in state court. (The issue of whether state courts should respect the federal determination in this case as a matter of judicial comity has not been argued.) The federal magistrate determined that testimony at the probable cause hearing contained false statements or omissions that were either intentionally or recklessly made and that, setting aside the false testimony and taking into account the omitted matter, the remaining testimony did not support a finding of probable cause.

The district judge signed the order of dismissal of the federal case by signing an "order for dismissal" submitted by the United States Attorney's Office. The order was filed after the magistrate made his determinations, which were contained in his "Report and Recommendation." The parties argue over whether the magistrate's determination was indeed a final determination of the suppression issue. The defendant argues that the magistrate's determination resulted in the dismissal of the case. The state claims that no legitimate inference can be drawn that the magistrate's determination had an effect on the district judge's decision to dismiss. We need not reach this issue because our holding would be the same even if the magistrate had played no role in this case and the district court judge had made the fourth amendment determination and expressly dismissed the firearms charges because of that fourth amendment determination.

The defendant cites *Mapp v. Ohio,* 367 U.S. 643 (1961), and *United States v. Navarro,* 429 F.2d 928, 930–31 (5th Cir. 1970), arguing that *Mapp* stands for

the proposition that because the federal constitutional standards as interpreted by the United States Supreme Court are the minimum standards which a state court can apply, evidence excluded in federal court cannot be used in either federal or state proceedings. We reject this assertion. ■

■ Certainly, the United States Supreme Court's determinations on federal questions bind state courts. It is clear, however, that determinations on federal questions by either the federal circuit courts of appeal or the federal district courts are not binding upon state courts. *See Thompson v. Village of Hales Corners,* 115 Wis. 2d 289, 307, 340 N.W.2d 704 (1983); *State v. Webster,* 114 Wis. 2d 418, 426 n.4, 338 N.W.2d 474 (1983); *Mast v. Olsen,* 89 Wis. 2d 12, 15–16 n.4, 278 N.W.2d 205 (1979); *Stuart v. Farmers Bank,* 137 Wis. 66, 75, 117 N.W. 820 (1908); *McKnight v. General Motors Corp.,* 157 Wis. 2d 250, 257, 458 N.W.2d 841 (Ct. App. 1990). *See also Freeman v. Lane,* 962 F.2d 1252, 1258 (7th Cir. 1992); *United States ex rel. Lawrence v. Woods,* 432 F.2d 1072 (7th Cir. 1970). "Until the Supreme Court of the United States has spoken, state courts are not precluded from exercising their own judgment upon questions of federal law." *Id.* at 1075 (citation omitted).

> 'In passing on federal constitutional questions, the state courts and the lower federal courts have the same responsibility and occupy the same position . . . .'
> The Supreme Court of the United States has appellate jurisdiction over federal questions arising either in state or federal proceedings, and by reason of the supremacy clause the decisions of that court on national law have binding effect on all lower

courts whether state or federal. On the other hand, because lower federal courts exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts are not conclusive on state courts.

*Id.* at 1075–76 (citation omitted). State courts are not bound by the decisions of the federal circuit courts of appeal or federal district courts.

The defendant argues that the magistrate's decision is binding in this case because it was a determination in "this very case."

> Of course in a given factual setting when a lower federal court has jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only to the appellate process.

*Id.* at 1076. We reject the defendant's argument because not only was the state not a party to the federal proceeding, but also the federal district court did not review the state determination. It made its determination for the purposes of the federal prosecution only.

The defendant claims that the magistrate's determination in this case is analogous to a federal *habeas corpus* determination. *See generally Fay v. Noia,* 372 U.S. 391, 401 (1963). The defendant's analogy is faulty.

The state concedes that had the defendant brought a *habeas corpus* proceeding in federal court and had a federal court made a determination that the state proceeding was constitutionally infirm, that determination would be binding. However, the federal proceeding was not a *habeas corpus* proceeding. As discussed before, the State of Wisconsin was not a party to the federal proceeding, and the federal proceeding did not review constitutional errors in the state proceed-

ing. We hold that the federal magistrate's decision in this case cannot and does not bind state courts.

The defendant also argues that the doctrine of issue preclusion, sometimes referred to as collateral estoppel, applies to this case and precludes the state from relitigation of the federal magistrate's determinations. "Collateral estoppel precludes relitigation of an issue of ultimate fact previously determined by a valid final judgment in an action between the same parties." *State ex rel. Flowers v. H&SS Department,* 81 Wis. 2d 376, 387, 260 N.W.2d 727 (1978). *See also Ashe v. Swenson,* 397 U.S. 436, 443 (1970) ("[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."); *U.S. v. Bailin,* 977 F.2d 270, 273, 275 (7th Cir. 1992). *See generally Michelle T. v. Crozier,* 173 Wis. 2d 681, 687–91, 495 N.W.2d 327 (1993).

In order for issue preclusion to apply, the party who is to be bound from relitigating an issue must have been either a party to or in privity with a party to the prior litigation. *Flowers,* 81 Wis. 2d at 387. *See generally U.S. v. Bonilla Romero,* 836 F.2d 39, 43 (1st Cir. 1987); Restatement (Second) of Judgments secs. 27, 39, 41 (1982). For a nonparty to an action to be in privity with a party, the nonparty must substantially control or be represented by the party. *Bonilla Romero,* 836 F.2d at 43. The state was not a party in the federal firearms proceeding. The question is thus whether it was in privity with the federal prosecutor. We conclude it was not.

There is no evidence that the state controlled the federal prosecution. There is also no evidence that the

state was represented by the federal prosecutor. The state and federal prosecutors did cooperate to some degree when the state decided to dismiss the state firearms charges in order to allow the firearms charges to be federally prosecuted. However, the state and federal governments are separate sovereigns; and state and federal prosecutors have separate jurisdiction. The federal and state prosecutors prosecuted the defendant for different crimes. The defendant has not persuaded us that the interests of the state and federal prosecutors were so closely related that the state could be said to have had its day in federal court.

In his treatise, Professor LaFave discusses issue preclusion in an analogous situation—the effect of a state court ruling on a later federal court proceeding:

> [I]t must be emphasized that for a ruling on a motion to suppress in a prior case to have either conclusive or presumptive effect in a later case, there must be an identity of parties. This means, for example, that if certain evidence was ruled inadmissible on Fourth Amendment grounds in a state prosecution, and the defendant benefitting from that ruling is later subjected to a federal prosecution in which the same evidence is offered, the federal court may 'make an independent determination' as to the admissibility of the evidence.

4 Wayne R. LaFave, *Search and Seizure* sec. 11.2(g) at 268 (2d ed. 1987) (footnote omitted). We conclude that there is no rational basis for treating the "identity of the parties" requirement in this case differently from the manner described by Professor LaFave. Indeed, many courts have concluded, as we do today, that federal and state prosecutions do not involve the same parties and that, therefore, issue preclusion does not bar relitigation in state court of issues which were pre-

viously decided in federal court. *See, e.g., State v. LeCompte,* 441 So. 2d 249, 260 (La. Ct. App. 1983); *People v. Mezaj,* 528 N.Y.S.2d 491, 494–95 (Sup. Ct. 1988); *Stewart v. State,* 652 S.W.2d 496, 502 (Tex. Ct. App. 1983).

■

The defendant next argues that, assuming the testimony in support of the search warrant was not flawed under *Franks,* the testimony still was insufficient to establish probable cause. We have discussed at length in other cases the standards employed in reviewing whether there was probable cause to issue a search warrant. *See, e.g., State v. Higginbotham,* 162 Wis. 2d 978, 989–92, 471 N.W.2d 24 (1991); *Anderson,* 138 Wis. 2d at 467–69. We need not repeat those standards today. It is sufficient to say that we give great deference to the magistrate's determination of probable cause. "So long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, we uphold the determination of the magistrate." *Anderson,* 138 Wis. 2d at 469. *See also Higginbotham,* 162 Wis. 2d at 989. We have reviewed the record before the warrant-issuing judge, *see id.,* and have concluded that the testimony provided the warrant-issuing judge with a substantial basis for concluding that probable cause existed.

During oral argument, the state conceded that the testimony which supported the search warrant contained errors. Additionally, the state contends that the federal magistrate's proceeding contained a flaw which may have controlled its outcome. The state has also raised the issue of whether the defendant has waived his right to a new state *Franks* hearing. Nevertheless, the state said it has an interest that justice be done and

has said it would not object if the defendant requested a new *Franks* hearing.

The defendant argues that the state's concessions of error require the vacation of his conviction, the suppression of evidence, and the grant of a new trial. We disagree. The state has not conceded that its errors were made intentionally or with reckless disregard for the truth. Under *Franks,* suppression is not required unless the statements at issue were made intentionally or with reckless disregard for the truth. *Franks,* 438 U.S. at 155–56. Thus, the state's concessions do not by themselves require suppression, let alone the other relief the defendant requests.

Additionally, the defendant argues that the state *Franks* hearing deprived him of due process by denying him a meaningful opportunity to be heard, to confront witnesses, and to present evidence. We do not reach this argument because given the state's concessions, we have decided to grant the defendant the opportunity for a new *Franks* hearing. This hearing will give the defendant the opportunities he claims he was denied. Additionally, we note that after examining the record we disagree with the defendant's contention that the circuit court rushed the *Franks* hearing.

Finally, the defendant claims the state suppressed exculpatory evidence and thus denied him due process. We do not address the merits of this argument because even if the state did suppress exculpatory evidence, the defendant's remedy would be a new *Franks* hearing.

The defendant's initial brief did not argue that the state kept exculpatory evidence from him at trial. In his reply brief, however, he claims the purported exculpatory evidence could have been used for

impeachment. We do not generally address arguments raised for the first time in reply briefs. *See generally In Matter of Estate of Bilsie,* 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508 (Ct. App. 1981). Moreover, the defendant's argument is conclusory. He does not say whom he could have impeached or how. Thus, we conclude that the supposedly exculpatory evidence was relevant only to the *Franks* hearing issues.

In *Brady v. Maryland,* 373 U.S. 83 (1963), after finding the state had suppressed exculpatory evidence relevant only to the sentencing phase of the defendant's trial, the Supreme Court remanded the case to retry only the sentencing phase. *Brady,* 373 U.S. at 90–91. Thus, were we to agree with the defendant, we would remand for a new *Franks* hearing.

The court of appeals has previously decided that the defendant cannot be forced to participate in a *Franks* hearing. The parties have not argued that issue before this court, and we do not address it. During oral argument, the defendant said that although he would prefer another outcome, he would now consider participating in another *Franks* hearing.

We have decided to remand the case to the circuit court. The defendant shall have twenty days in which to decide whether he wishes to participate in a new evidentiary hearing at which both sides can produce evidence related to the *Franks* and other issues.

*By the Court.*—The judgments and orders of the circuit court are affirmed, and the cause is remanded to the circuit court for further proceedings.