STATE of Iowa, Appellant,

v.

Charles SHAFRANEK, Appellee.

No. 97–1166.

Supreme Court of Iowa.

April 22, 1998.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, and John E. Schroeder, County Attorney, for appellant.

Mark E. Weinhardt of Belin Lamson McCormick Zumbach Flynn, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

CARTER, Justice.

The State appeals from an order dismissing a two-count criminal information against defendant, Charles Shafranek, on double jeopardy grounds. These charges were aiding and abetting theft by deception in violation of Iowa Code section 714.1(2) and section 714.2(1) (1995) and aiding and abetting a fraudulent practice in violation of Iowa Code section 714.8(4) and section 714.9. The asserted double jeopardy defense was based on defendant's acquittal of federal crimes involving similar elements. After reviewing the record and considering the arguments presented, we reverse the judgment of the district court.

In May 1996 defendant was indicted for the federal crimes of making and using false documents in a matter within the jurisdiction of a federal agency in violation of 18 U.S.C. § 1001 and for conspiring with others to commit that offense. At the conclusion of the evidence presented, the United States District Court granted his motion for judgment of acquittal on both the substantive and conspiracy charges, stating, in part:

The evidence in this case is that the defendants—and this is taking all inferences in the Government's favor of it—that the defendants understood from previous grain sales that there are scale tickets and register receipts generated when grain is sold. The evidence is further that in the transactions with Mr. Mewes that the defendants did not receive those scale tickets and register receipts. I don't believe there is any evidence in the case that bears on the question of whether the defendants knew of the falsity of the documents created by Mr. Mewes [an alleged coconspirator], and, for the defendants to know the falsity, they have to know what the documents say, and they have to know how they are false; that is, they have to know that the documents are made out in their names rather than someone else's name, and they have to know why the documents are false, that is, that there is no grain behind those documents.

There is no evidence in this case beyond conjecture or speculation that defendants knew that.... *Concede, for the moment, that the Government has made out a submissible jury case on a state law theft charge*—and I don't concede that, but, even conceding that, the defendants figured out that the Cassens' Mill was being robbed here somehow, the Government still has not proven that the defendants could have, on their own, figured out what is wrong with and what the existence was and the contents were of the settlement statements and scale tickets at issue in this case.

(Emphasis added.)

Defendant's motion to dismiss on double jeopardy grounds was based on the following theories: (1) the collateral estoppel component of the federal double jeopardy bar contained in the Fifth Amendment to the United States Constitution; (2) reprosecution for "what is exactly the same offense" under article I, section 12 of the Iowa Constitution; and (3) the prohibition against duplicate prosecution contained in Iowa Code section 803.4 and section 816.1. The district court granted the motion on the latter two grounds.

## I. *Whether the Prosecution is Barred by the Federal Double Jeopardy Clause.*

Although the district court did not base its dismissal order on the federal double jeopardy clause, defendant seeks to uphold that

ruling on the basis that the collateral estoppel branch of federal double jeopardy jurisprudence required dismissal of the charges against him. Consequently, we will consider that claim prior to considering the state law grounds on which the district court decided the case.

■ Under the federal double jeopardy clause, a federal prosecution does not bar a subsequent state prosecution for state criminal violations based on the same or similar elements. *Heath v. Alabama*, 474 U.S. 82, 90, 106 S.Ct. 433, 438, 88 L.Ed.2d 387, 395 (1985); *United States v. Wheeler*, 435 U.S. 313, 317, 98 S.Ct. 1079, 1082, 55 L.Ed.2d 303, 309 (1978); *Bartkus v. Illinois*, 359 U.S. 121, 136–38, 79 S.Ct. 676, 686, 3 L.Ed.2d 684, 694–95 (1959). This concept of "dual sovereignty" is premised on the principle that the states and federal government are each sovereign entities with the power to independently prosecute criminal offenses created under the laws of that sovereign by employing their own prosecutorial and adjudicative institutions for that purpose. *Wheeler*, 435 U.S. at 320, 98 S.Ct. at 1084, 55 L.Ed.2d at 310–11. This court has recognized this principle for many years. *See State v. Moore*, 143 Iowa 240, 121 N.W. 1052 (1909) (holding federal conviction for forcibly breaking and entering post office does not bar state prosecution for burglary based on same facts).

■ While conceding the force of the dual sovereignty doctrine, defendant asserts that it is only applicable to the more traditional version of double jeopardy jurisprudence based on retrial for the same offense. This is the so-called *Blockburger* theory of successive prosecution named for its application in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Defendant argues that the dual sovereignty doctrine does not preclude invoking the "collateral estoppel" theory of federal double jeopardy jurisprudence recognized in *Ashe v. Swenson*, 397 U.S. 436, 445–46, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 475–76 (1970). We disagree. Although we have recognized the collateral estoppel element discussed in *Ashe* as a component of federal double jeopardy law, this has been in situations involving repeated prosecutions by the same sovereign.

*See, e.g., State v. Sharkey*, 574 N.W.2d 6, 9 (Iowa 1997).

When the initial prosecution is by a different sovereign, we can perceive of no reason why the dual sovereignty doctrine should not leave states free to pursue prosecutions of their own criminal law unencumbered by either the "same offense" and "collateral estoppel" branches of federal double jeopardy jurisprudence. Federal courts considering this issue have agreed with this conclusion. *See Turley v. Wyrick*, 554 F.2d 840, 842 (8th Cir.1977); *Martin v. Rose*, 481 F.2d 658, 659–60 (6th Cir.1973). So have numerous state courts. *See State v. Berry*, 133 Ariz. 264, 650 P.2d 1246, 1250 (Ct.App.1982); *State v. Moeller*, 178 Conn. 67, 420 A.2d 1153, 1157 (1979); *People v. Tyler*, 100 Mich.App. 782, 300 N.W.2d 411, 412 (1981); *State v. Rogers*, 90 N.M. 604, 566 P.2d 1142, 1145 (1977); *State v. Mechtel*, 176 Wis.2d 87, 499 N.W.2d 662, 667 (1993).

■ Defendant suggests that a double jeopardy bar should be invoked in the present case because the Iowa prosecutors implicitly designated the United States attorney as an agent for pursuing the criminal charges involved in this transaction. There is no basis in the record for concluding that this is so. It would, of course, be impossible for the federal prosecutor proceeding in a federal court to act as an agent for the State of Iowa in the prosecution of crimes arising under the laws of this state. Neither the prosecutor nor the court would have authority to do that. Nor is there any basis for defendant's suggestion that the State should now be estopped from proceeding with its own prosecution. The fact that state prosecutors were willing to forego the filing of state criminal charges until the federal prosecution had run its course and provided assistance to federal authorities in the gathering of evidence does not create an estoppel against a subsequent attempt to vindicate the laws of this jurisdiction. The fact that, if defendant had been convicted of the federal charges, the State might have acted differently is not a basis for precluding its present aggressive stance following defendant's acquittal in federal court.

## II. Whether the Prosecution is Barred Under Article I, Section 12 of the Iowa Constitution.

Defendant asserted in the district court and that court agreed that article I, section .12 of the Iowa Constitution contains a version of double jeopardy based on collateral estoppel that is similar to the doctrine recognized in *Ashe* for purposes of the federal double jeopardy clause. The district court also accepted defendant's argument that collateral estoppel may be invoked for double jeopardy purposes under Iowa law even when the initial prosecution is by a different sovereign. The State contends that the latter conclusion is faulty. We agree.

Defendant's argument on this matter is primarily a suggestion that we apply collateral estoppel principles applicable in civil actions to criminal prosecutions. The many considerations that militate in favor of preserving sovereignty of this state for purposes of enforcing its laws cause us to reject that contention. More than eighty years ago in *Moore*, this court essentially adopted the same view of dual sovereignty as that which is now contained in federal law and discussed in the prior division of this opinion. *See Moore*, 143 Iowa at 242, 121 N.W. at 1053. We can perceive of no valid reason for diluting this aspect of state sovereignty based on the results that occur in prosecutions under the laws of another jurisdiction.

## III. Whether the Prosecution is Barred Under Iowa Code Section 803.4 or Section 816.1.

Iowa Code section 803.4 provides:

A conviction or acquittal of an offense in a court having jurisdiction thereof is a bar to a prosecution of the offense in another court.

Iowa Code section 816.1 provides:

A conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the conviction or acquittal took place.

The legislature is presumed to know the usual meaning ascribed by the courts to language and to intend that meaning unless the context shows otherwise. *State v. Jones*, 298 N.W.2d 296, 298 (Iowa 1980); *State v. Wilson*, 287 N.W.2d 587, 589 (Iowa 1980). In considering the statutes set forth above in inverse order in accordance with this principle, we believe that the key words in section 816.1 are "for the same offense." Manifestly, the federal court prosecution of which this defendant was acquitted was not of the same offense. The federal trial involved an offense against the laws of the United States, while the pending criminal charge involves an offense against the laws of the State of Iowa.

In reviewing the provisions of section 803.4, we believe the key words are "of an offense in a court having jurisdiction thereof." Manifestly, the federal court did not have jurisdiction to prosecute the pending offense arising under the laws of the State of Iowa.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to that court for further proceedings not inconsistent with this opinion.

### REVERSED AND REMANDED.