# COURT OF APPEALS
## DECISION
## DATED AND FILED

## November 19, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2018AP2252**

Cir. Ct. No. 2012CV12446

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

DONNA BRENNER, AS THE PERSONAL REPRESENTATIVE FOR THE ESTATE OF RUSSELL T. BRENNER AND DONNA BRENNER, INDIVIDUALLY,

   PLAINTIFFS,

   V.

NATIONAL CASUALTY COMPANY,

   DEFENDANT-APPELLANT,

MILWAUKEE WORLD FESTIVAL, AMERISURE MUTUAL INSURANCE COMPANY, ABC INSURANCE COMPANY, HARRISON METALS, INC. AND AMERISURE MUTUAL INSURANCE CO.,

   DEFENDANTS,

AMERISURE INSURANCE COMPANY,

   INTERVENOR-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   National Casualty Company (National) appeals an order resolving a personal injury claim.  The issue on appeal is whether the circuit court correctly decided cross-motions for summary judgment filed by two insurance companies, National and Amerisure Insurance Company (Amerisure).[1] The circuit court agreed with Amerisure, concluding that its policy insuring Milwaukee World Festival, Inc. (MWF) is excess to National's policy and rejecting National's contention that National and Amerisure are both primary insurers.  We affirm.

## Background

¶2    Russell T. Brenner sustained injury on the MWF premises while working for Hunzinger Construction Company (Hunzinger).  At the time of the injury, MWF was insured through its policy with National.  Further, Hunzinger had an insurance policy from Amerisure, and MWF was an additional insured on that policy pursuant to a "Contractors Blanket Additional Insured Endorsement."

---

[1] The Honorable Glenn H. Yamahiro entered the order resolving the motions for summary judgment that underlie the parties' dispute on appeal.  The Honorable Jeffrey A. Conen entered the final order disposing of the litigation.

Brenner filed a personal injury suit, pursuing claims against both National and Amerisure.[2]

¶3    As the litigation progressed, National and Amerisure filed cross-motions for summary judgment addressing the extent to which Amerisure was required to provide coverage for Brenner's injuries. The circuit court determined that National's policy provided primary coverage and Amerisure's policy provided excess coverage. Brenner, by his personal representative, subsequently settled his claims for an amount less than National's policy limits. The circuit court entered a final order disposing of the litigation and National appeals, asserting that Amerisure is not an excess insurer but a primary insurer that must share the costs of defense and indemnification with National.

### Discussion

¶4    Summary judgment is appropriate when no genuine dispute exists as to any material fact, and one party is entitled to judgment as a matter of law. *See* WIS. STAT. § 802.08(2) (2017-18).[3]   Whether the circuit court properly granted summary judgment is a question of law that we consider *de novo*. *See* ***Brown Cty. v. OHIC Ins. Co.***, 2007 WI App 46, ¶9, 300 Wis. 2d 547, 730 N.W.2d 446.

---

[2] Brenner sued Amerisure Mutual Insurance Company, which had issued a worker's compensation policy to Hunzinger. Amerisure Insurance Company subsequently intervened in the litigation because it is the entity that issued a commercial general liability insurance policy to Hunzinger. Amerisure Insurance Company is the only respondent to this appeal.

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶5 Interpretation of an insurance policy is also a question of law. *See Day v. Allstate Indem. Co.*, 2011 WI 24, ¶25, 332 Wis. 2d 571, 798 N.W.2d 199. Our goal when construing a policy "is to determine and carry out the intentions of the parties as expressed by the language of the insurance policy." *See id.*, ¶27. Therefore, we construe policies "whenever possible, 'so as to give a reasonable meaning to each provision of the contract,'" and we "'avoid a construction which renders portions of a contract meaningless, inexplicable or mere surplusage.'" *See id.* (citation omitted).

¶6 The parties agree that this case involves a circumstance where MWF had more than one insurance policy applicable to the same risk at the same time. "Whenever two policies apply to the same insured at the same time, the issue of which policy must pay first—or which is primary and which is excess—is dealt with by 'other insurance' clauses." *Burgraff v. Menard, Inc.*, 2016 WI 11, ¶27, 367 Wis. 2d 50, 875 N.W.2d 596 (citation omitted). If, however, the policies are inconsistent on the issue of which pays first, "the insurers shall be jointly and severally liable to the insured on any coverage where the terms are inconsistent." *See id.* (citing WIS. STAT. § 631.43(1) (2013-14)).[4]

¶7 The relevant portion of the National insurance policy defines National's coverage obligations to MWF as follows:

### 4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover ... our obligations are limited as follows:

---

[4] The text of WIS. STAT. § 631.43(1) (2013-14), cited in *Burgraff v. Menard, Inc.*, 2016 WI 11, ¶27, 367 Wis. 2d 50, 875 N.W.2d 596, is the same as the current text of that statute.

### a. Primary Insurance

*This insurance is primary except when Paragraph b. below applies....*

### b. Excess Insurance

(1) *This insurance is excess over*:

....

(b) *Any other primary insurance available to you* covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement. (Emphasis added.)

¶8 As to Amerisure's policy, it insured MWF pursuant to the following language in the "Additional Insured Endorsement:"

### 4. Other Insurance

*Any coverage provided in this endorsement is excess* over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent, or on any other basis *unless the written contract ... requires that this insurance be primary*, in which case this insurance will be primary without contribution from such other insurance available to the additional insured. (Emphasis added.)

¶9 National concedes that "[t]he contract between M[WF] and Hunzinger does not expressly require that the insurance Hunzinger agrees to procure for M[WF]'s benefit be primary." Further, National concedes that "the effect of Amerisure's Other Insurance provision is that the Amerisure [p]olicy [issued to Hunzinger] applies in excess of other valid and collectible insurance."

¶10 With the foregoing concessions in place, National argues that its own policy is "similar[]" to Amerisure's in providing coverage for MWF that is "excess over any other primary insurance." In other words, National views both

policies as providing excess coverage for MWF. National argues that the two policy provisions are therefore in conflict, and both coverages should be treated as primary with the risk divided equally between the two insurers. *See Burgraff*, 367 Wis. 2d 50, ¶27.

¶11 We reject National's policy interpretation because it does not account for the totality of the language in the applicable portions of the policies. The National policy provides that the insurance for MWF "is *primary* except when Paragraph b. applies." (Emphasis added.) In Paragraph b., the policy states that National's coverage is excess of "any *other primary* insurance." (Emphasis added.) These provisions do not create a conflict with the language of Amerisure's policy because the plain language of Amerisure's policy states that when other valid and collectible insurance is available, "[a]ny coverage" Amerisure provides to MWF is *excess*, not primary, absent a contract provision that National agrees does not exist.

¶12 National asserts, however, that the facts of this case are "indistinguishable" from those in *Colony Insurance Co. v. Scottsdale Insurance Co.*, No. SA-14-CA-894 (W.D. Tex. June 1, 2015), and that we should follow the Colony court's lead in concluding that the two policies in this case both provide primary coverage. *Colony* is an unpublished decision from a Texas federal district court and is not binding authority here. *See State v. Mechtel*, 176 Wis. 2d 87, 95, 499 N.W.2d 662 (1993). Nonetheless, we have considered the *Colony* court's opinion. Upon doing so, we reject National's premise: the facts of *Colony* are dissimilar from those at issue in this case.

¶13 In *Colony*, a contract between a property owner and a construction company required the company to name the owner as an "additional insured" on

the company's policy and further provided that the coverage was to be primary. *See id.*, No. SA-14-CA-894,\*1. When the owner suffered a loss, the owner had coverage as an additional insured—as the contract required—through the construction company's insurer, Scottsdale Insurance Company. The owner also maintained insurance coverage on its own behalf through a policy issued by Colony. Both policies had "Other Insurance" provisions which stated: "This insurance is primary except when Paragraph b., below applies." *See id.*, No. SA-14-CA-894, \*2 (emphasis omitted). The language of Paragraph b. in the Scottsdale policy provided that "[t]his insurance is *excess over any other insurance ... [t]hat is valid and collectible*." *Id.* (some emphasis omitted). The language of "Paragraph b." in the Colony policy provided that "[t]his insurance is *excess over any other primary insurance ... for which you have been added as an additional insured*." *Id.* (some emphasis omitted). The **Colony** court read the provisions of the two policies together and determined that the property owner had "valid and collectible" insurance through the Colony policy, which triggered the Scottsdale policy's excess coverage provision. *See id.* At the same time, the property owner was an "additional insured" on the Scottsdale policy, which triggered the Colony policy's excess coverage provision. The **Colony** court concluded that, although either policy alone would provide the owner with primary coverage, "[t]he existence of 'other insurance' trigger[ed] the excess insurance coverage provisions in each policy." *See id.* The two policies were thus in conflict, requiring that liability under both be apportioned *pro rata*. *See id.*

¶14 The instant case is different. National's "other insurance" provision provides that National's coverage is *primary* except when other primary insurance is available. Amerisure's "other insurance" provision, by contrast, provides that Amerisure's coverage is *excess* unless a contract provision requires otherwise,

7

and, as we have seen, no such contract provision exists. The existence of "other insurance" thus does not trigger conflicting provisions in the two policies. We are satisfied that *Colony* does not provide guidance here.

¶15 We also reject National's contention that we must read each of the applicable policies "without regard to the other policy's 'Other Insurance' provision." We conclude instead that we must "examine each policy to determine whether, and to what extent, it had anticipated the existence of an 'other insurance' provision in another policy and expressly contracted for exoneration from liability in that event." *See Schoenecker v. Haines*, 88 Wis. 2d 665, 672, 277 N.W.2d 782 (1979).

¶16 As *Schoenecker* directs, we have examined each policy at issue here to determine how, if at all, it anticipated the existence and effect of the other. The applicable language shows that National provided primary coverage for MWF unless MWF had primary coverage available from another source. Amerisure provided excess coverage for MWF when other insurance was available unless a separate contract term required Amerisure to provide primary coverage—and all parties agree that such a separate contract term was not in place. We therefore can give effect to both the National and the Amerisure policies: (1) National provided primary coverage because MWF did not have primary coverage available from another source; and (2) Amerisure provided excess coverage because no separate contract term required otherwise. We affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.