# IN THE COURT OF APPEALS OF IOWA

No. 21-1222
Filed October 19, 2022

**ABEL A. RAMIREZ,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, Kurt J. Stoebe, Judge.

Abel Ramirez appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

Abel Ramirez seeks postconviction relief, claiming his conviction and sentence for robbery in Iowa was based on the same event as his federal conviction, which violates double jeopardy principles and, consequently, his Iowa sentence is an illegal sentence.[1]  We affirm.

Ramirez concedes the Iowa Supreme Court has previously held there is nothing to prevent dual prosecution by both the United States and the State of Iowa.  *State v. Shafranek*, 576 N.W.2d 115, 118 (Iowa 1998) ("Under the federal double jeopardy clause, a federal prosecution does not bar a subsequent state prosecution for state criminal violations based on the same or similar elements. This concept of 'dual sovereignty' is premised on the principle that the states and federal government are each sovereign entities with the power to independently prosecute criminal offenses created under the laws of that sovereign by employing their own prosecutorial and adjudicative institutions for that purpose.  This court has recognized this principle for many years." (internal citations omitted)); *see also Denezpi v. United States*, 142 S. Ct. 1838, 1844–45 (2022) ("Because the sovereign source of a law is an inherent and distinctive feature of the law itself, an offense defined by one sovereign is necessarily a different offense from that of another sovereign.").  Ramirez asks us to revisit the *Shafranek* decision while acknowledging the district court's decision is in accordance with that precedent. But this court is without authority to overrule Iowa Supreme Court precedent.  *State*

---

[1] "Though we typically review challenges to illegal sentences for correction of legal errors, our standard of review for an allegation of an unconstitutional sentence is de novo."  *State v. Harrison*, 914 N.W.2d 178, 187–88 (Iowa 2018).

*v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App.1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."); *see also State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed.").  We affirm.

**AFFIRMED.**